This is a child custody case.
Only those portions of the case history which are essential to this decision are herein summarized. The parties' divorce judgment of December 1983 incorporated therein their agreement whereby their minor child's custody was awarded to the mother. The father subsequently asked the Juvenile Court of Marion County, Alabama to declare the child dependent and to grant him custody. Temporary custody was granted ex parte to the father on January 17, 1985, the same date that the father's temporary custody petition was filed in the juvenile court. Neither a hearing nor any notice was given to the mother prior to the juvenile court's temporary custody order. After holding a subsequent full evidentiary contest, the circuit court awarded custody to the father by a final judgment dated November 26, 1986. The mother appeals.
As a general rule, a parent who has custody of a minor child cannot be deprived of that custody, even temporarily, without being given adequate notice and an *Page 282 
opportunity to be heard. Ex parte Williams,474 So.2d 707 (Ala. 1985). Since both of those elements were missing in the January 1985 proceeding which resulted in the ex parte award of temporary custody of the child to the father, the evidentiary burden did not shift to the mother on the final hearing but it remained with the father. He had the responsibility of reasonably satisfying the trial court by the evidence that a change in the child's custody from the mother to the father would materially promote the child's best interests and welfare. Ex parte McLendon,455 So.2d 863 (Ala. 1984). Even if the January 17, 1985 custody order was deemed to be a pendente lite award of custody to the father, as distinguished from a temporary custody order, the father still had such burden of proof. Sims v. Sims, [May 13, 1987] (Ala.Civ.App. 1987).
We have carefully read and studied all of the 167 pages of testimony. Because of the vast number of cases upon the legal subject, we pretermit a summary of the evidence.
The testimony was in conflict as to almost every material and pertinent factual issue. However, there was evidence which supported a change of custody to the father. Stated differently, there was evidence to support a conclusion that a change in custody would materially promote the child's best interests and welfare. In child custody cases, the trial court has a judicial discretion to exercise and, where a custody award is made after an ore tenus trial, this court must presume that the trial court correctly applied its discretionary authority and we are not authorized to alter such a custody award unless the trial court was palpably wrong. Fowler v.Anderson, 500 So.2d 1152 (Ala.Civ.App. 1986). There being adequate evidence that a change of the child's custody from the mother to the father materially promoted the child's best interests and welfare, the decision of the trial court was not palpably wrong. The trial court did not abuse its discretion in that regard.
The final judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.