ROBERTSON, Presiding Judge.
This case is before us for the second time. In C.P. v. M.K., 618 So.2d 126 (Ala.Civ.App.1992), cert. denied, 618 So.2d 126 (Ala.1992), we reversed and remanded for the trial court to determine if the mother was an unfit and improper person to be entrusted with the care and upbringing of her minor child under the standard set out in our supreme court’s opinion in Ex parte Terry, 494 So.2d 628 (Ala.1986), because the record evidence did not support a finding of dependency that would bring the child within § 12-15-71, Ala. Code 1975.
After the remand, the mother, C.P., filed a motion requesting that the minor child be returned to her custody. Without taking any additional testimony or other evidence, the trial court entered a judgment finding the mother to be an unfit and improper person to be entrusted with the care and upbringing of the minor child, and it again found the minor child to be a dependent child, pursuant to § 12-15-1(10), Ala.Code 1975. The trial court awarded temporary custody of the minor child to the petitioners, maternal uncle and the uncle’s wife, and awarded the mother the right of weekend visitation with her minor child.
The mother appeals again, contending that the petitioners failed to present substantial evidence to warrant the removal of custody from the parent.
Although, as previously stated, the trial court found the minor child to be dependent, the record does not contain sufficient evidence to support that finding of dependency. “Ordinarily, a judgment of dependency and subsequent transfer of custody of a child as provided for in § 12-15-71, [Ala.Code 1975], are governed by the child’s best interests. . . .” Jones v. Webb, 524 So.2d 874 (Ala.Civ.App.1988). As Judge Ingram wrote in Jones, “Both statute and case law seem clear that once dependency is determined, the trial court is authorized to make certain dispositions, including transferring the legal custody of a dependent child to a relative. Section 12-15-71, [Ala.Code 1975]; Sanders v. Guthrie, 437 So.2d 1313 (Ala.Civ.App.1983).” Jones, 524 So.2d at 374. Further, this court recognizes that there will be instances when a child is dependent or in need of supervision, and the parent or parents are not unfit, i.e., when a child disobeys his or her parents and is beyond their control, § 12-15-1(4)b., Ala.Code 1975, has committed an offense established by law but not classified as criminal, § 12-15-1(4)c., Ala. Code 1975, or when the child’s parents are unable to discharge their responsibilities to the child (illness, injury, hospitalization, etc.), § 12-15-1(10)k., Ala.Code 1975.
As in Jones, our review of the record evidence convinces us that this case is more of a custody ease than a determination of dependency case. Hence, the Terry standard applies since the custody dispute is between a parent and a nonparent. Terry, supra. Under the Terry standard, a parent has a presumptive right to custody of his or her child in a custody dispute between the parent and a nonparent, and that presumptive right may be overcome only by proof that the parent “is guilty of misconduct or neglect to a degree rendering that parent an unfit and improper person to be entrusted with the care and upbringing of the child in question.” 494 So.2d at 632. (Citations omitted.)
The evidence presented at the original proceeding reflects that the mother was a high school student, living with her father (the child’s maternal grandfather). The maternal grandmother is deceased. The mother testified that she worked 30 to 35 hours a week, earning $4.25 per hour. She receives $366 per month in Social Security benefits as the result of her mother’s death. The 'mother further testified that she made arrangements for a babysitter to care for the minor child while the mother attended school. The maternal grandfather testified that he had agreed to care for the minor child while the mother was at work and that the minor child had his own room in the maternal grandfather’s home, where the mother lived.
*1359 The record also contains a study of the mother’s home, prepared by the Russell County Department of Human Resources at the request of the trial court. The home study did not indicate that the mother was an unfit or neglectful parent. Furthermore, the record is devoid of any evidence indicating that the mother is guilty of misconduct or neglect to such a degree as to render her an unfit and improper person to be entrusted with the care and upbringing of her minor child.
The judgment of the trial court is reversed, and this case is remanded for the entry of a judgment granting custody of the minor child to the mother.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, J., concurs.
THIGPEN, J., concurs in part and dissents in part.