PER CURIAM.
This case involves a custody dispute of a minor child between nonparents and a parent.
On May 13,1993, V.M. and M.M. (maternal grandparents) filed a petition in the Cleburne County Circuit Court, seeking temporary *765 custody of K.M.K., the minor daughter of M.D.K. (mother). That same day, the trial court entered an ex parte order granting the maternal grandparents temporary custody. On June 10,1998, the mother filed a petition for custody of the minor child. Following an ore tenus proceeding on the mother’s petition, the trial court entered a judgment on November 24, 1993, finding that “the actions taken by the natural mother ... since the birth of [her] ehild [are] tantamount to a voluntary relinquishment of custody to [the maternal grandparents], and further acted to effectively transfer the care, custody and control of [her] daughter to the [maternal grandparents].” The trial court, among other things, awarded custody of the minor child to the maternal grandparents and ordered the mother to pay ehild support and to obtain health insurance for the minor child.
The mother appeals raising three issues. However, we find the dispositive issue to be whether the trial court erred in finding that the mother had voluntarily relinquished custody of the minor child and in awarding custody of the minor child to the maternal grandparents.
The maternal grandparents obtained custody vis a vis an ex parte order. The record does not reveal that the mother had notice of the proceeding, or an opportunity to be heard at the proceeding. Since the mother had no notice and no opportunity to be heard, then the evidentiary burden remained on the maternal grandparents. Webb v. Webb, 508 So.2d 281 (Ala.Civ.App. 1987). In a dispute between a parent and nonparents, the parent has a prima facie right to custody of his or her child unless there is a finding, supported by competent evidence, that the parent is unfit or has voluntarily relinquished custody of the child. Ex parte Terry, 494 So.2d 628 (Ala.1986).
The trial court did not find that the mother was unfit. In fact, the record reveals that the maternal grandmother testified that the mother is not unfit. Because there was no evidence of unfitness, we must determine whether the trial court erred in finding that the mother had voluntarily relinquished custody of the minor child.
Although the minor ehild lived with the maternal grandparents for a substantial period of time, this fact, together with an ex parte order, does not support a finding that the mother voluntarily relinquished custody. This court and our Supreme Court have encouraged custodial arrangements during necessitous times. See, e.g., Ex parte Couch, 521 So.2d 987 (Ala.1988), and Curl v. Curl, 526 So.2d 26 (Ala.Civ.App.1988). This same policy concern is applicable to similar situations between grandparents and parents. In this case, the mother evidenced her care for her child by enlisting the aid of her parents to care for the child during difficult times. To allow a grandparent to argue that this set of facts supports a finding that a parent voluntarily relinquished custody of a ehild, would promote family discord and would discourage parents from seeking assistance from grandparents to insure that the children have adequate care.
Because the fitness of the mother is not at issue, and the record does not support a finding, that the mother voluntarily relinquished custody of the minor ehild, the maternal grandparents did not meet the standard set out in Terry. Thus, it was. error for the trial court to award custody of the minor ehild to the maternal grandparents.
The judgment of the trial court is reversed and this cause is remanded to the trial court for the entry of a judgment consistent with this opinion.
The mother’s request for an attorney fee on appeal is granted in the amount of $500.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.