The parties were divorced in February 1993. The mother was awarded custody of the parties' five-year-old daughter. In April 1993 the father filed an instanter motion to modify custody, alleging that the mother was not a fit and proper person to care for the child, that she had cohabited with a member of the opposite sex, and that there had been such a change in circumstances that it was in the best interests of the child that custody be modified. Following a hearing on the motion, the trial court entered an order, providing, in pertinent part, the following: "[t]he Defendant-father is awarded temporary custody of the minor child, subject to all reasonable rights of visitation to the Plaintiff. . . ." There followed a subsequent hearing for a permanent change of custody. The same disposition as on the temporary hearing was entered, giving permanent custody to the father.
The mother appeals and asserts that the trial court erred in failing to apply the standard of Ex parte McLendon,455 So.2d 863 (Ala. 1984), to the facts of the case.
When there is a prior custody decree, the parent seeking the change in custody has a very stringent burden of proof. Merely showing that a material change in circumstances has occurred since the last decree is not sufficient. While the best interests of the child are paramount, the petitioner must show that a change in custody will materially promote the child's best interests and that the benefits of the requested change will more than offset the inherently disruptive effect caused by uprooting the child. Ex parte McLendon.
When the trial court is presented evidence ore tenus, its determination is presumed to be correct, and its judgment will not be disturbed on appeal unless it is shown to be plainly and palpably wrong. Butts v. Startley, 600 So.2d 310
(Ala.Civ.App. 1992).
From the court's order we are unable to ascertain what standard, if any, was applied by the court. We have reviewed the record and cannot say that the evidence presented clearly supported a change in custody under the McLendon standard. The trial court's familiarity with the parties, particularly in view of the fact that the instanter *Page 1002 
petition was filed approximately one month after the divorce decree was entered, and the court's in camera, unrecorded interview with the minor daughter could very well have supported a change in custody under the McLendon standard. However, because we cannot ascertain if the proper standard was employed by the court in reaching its decision, the judgment of the court is reversed and the cause is remanded to allow the court to evaluate the evidence in accordance with McLendon.Clayton v. Clayton, 598 So.2d 929 (Ala.Civ.App. 1992).
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.[1]
REVERSED AND REMANDED.
All the Judges concur.
[1] This case was assigned to the author of this opinion on June 23, 1994.