WRIGHT, Retired Appellate Judge.
The parties were divorced in October 1995. The judgment provided that custody of the parties’ minor child would be “joint.” Although the judgment did not specifically provide that “primary physical custody” of the child would be placed with the mother, the evidence adduced at trial, and the parties’ assertions in their briefs, showed that primary placement was with the mother, with the father having very liberal visitation privileges. In April 1997, the father petitioned for sole custody of the child. The mother counterclaimed for the same. Following a hearing, the trial court reserved judgment, pending the parties’ settlement negotiations. In October 1997, the father petitioned to reopen the case and take additional testimony. Following a hearing on the motion, the court awarded the parties joint custody, with “primary placement” of the child with the father. The mother petitioned for post-judgment relief, which was denied. She appeals.
The mother asserts that the court erred in failing to apply the standard of Ex parte McLendon, 455 So.2d 863 (Ala.1984), to the facts of the ease.
When there is a prior custody decree, the parent seeking the change in custody has a very stringent burden of proof. Merely showing that a material change in circumstances has occurred since the last decree is not sufficient. While the best interests of the child are paramount, the petitioner must show that a change in custody will materially promote the child’s best interests and that the benefits of the requested change will more *511 than offset the inherently disruptive effect caused by uprooting the child. Ex parte McLendon.
When the trial court is presented evidence ore tenus, its determination is presumed to be correct, and its judgment will not be disturbed on appeal unless it is shown to be plainly and palpably wrong. Dodd v. Dodd, 655 So.2d 1000 (Ala.Civ.App.1994).
From the court’s order we are unable to ascertain what standard, if any, was applied by the court. From comments in open court, it appears that the “best interests” standard was applied. Because the judgment of divorce “preferred” the mother in its award of custody, the more stringent burden of Ex parte McLendon is applicable to the facts of this case. Ex Parte Bryowsky, 676 So.2d 1322 (Ala.1996). After thoroughly reviewing the record, we find that neither the court nor the parties considered the evidence in light of the stringent burden of proof of Ex parte McLendon. The evidence presented does not clearly support a finding under McLendon of a change of custody to the father. It is the judgment of this court that the judgment of the trial court be, and hereby is, reversed. The physical custody of the child shall remain with the mother. The case is remanded for the trial court to enter an order consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active-duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
All the judges concur.