THOMPSON, Judge.
B.S.L. (the “mother”) and S.E. (the “father”) have one child, S.D.E. (the “child”), who was seven years old at the time of the hearing in this matter; the parties have never married. On June 29,1994, the trial court issued an order, based on the agreement of the parties, establishing the father’s paternity, awarding the mother primary custody of the child, awarding the father reasonable visitation, and ordering the father to pay child support in the amount of $217 per month.
The dispute that gives rise to this appeal began on May 19, 1999, when the father filed a motion seeking immediate custody of the child. The trial court denied,that motion and, treating the motion as one for a determination of dependency of the child, set a hearing for July 19, 1999. The trial court entered an order postponing the July hearing, granting the father pendente lite custody of the child, and granting the mother visitation. On February 18, 2000, the parties entered into a agreement expanding the mother’s visitation, pending a final hearing. Following ore tenus proceedings, the trial court entered a judgment on May 16, 2001, in which, among other things, it awarded custody of the child to the father. The mother appealed.
When the trial court receives ore tenus evidence, its judgment based on findings of fact is presumed correct and will not be reversed absent an abuse of discretion or a showing that the findings are plainly and palpably wrong. Ex parte Byars, 794 So.2d 345 (Ala.2001). However, where the question presented on appeal is whether the trial court correctly applied the law, the ore tenus presumption of correctness has no application. Kunkel v. Kunkel, 547 So.2d 555 (Ala.Civ.App.1989).
A brief recitation of the facts is all that is necessary for the disposition of this appeal. The mother and father began living together in the spring of 1992. The parties separated in early 1993; at that time, the mother was approximately four months pregnant. The child was born on June 11, 1993. Although the exact dates are in dispute, the record indicates that at approximately the same time as the father filed his petition for custody, the mother was seeking treatment for a drug and alcohol addiction. The mother testified that she has not used drugs or consumed any alcohol since June 1999.
In its May 16, 2001, order, the trial court found that at the time the father’s petition was filed, the mother, by her own admission, was not a fit and proper parent. However, the trial court found that at the time of the hearing, both parties were fit and proper parents. The trial court did not find the child to be dependent. That order further stated, in pertinent part, that “the [trial] court ... find[s], as a matter of law, that the [Ex parte] McLendon [455 So.2d 863 (Ala.1984) ] standard does not apply,” and found “it to be in the best interest of [the child] that [the child’s] custody be awarded to [the] father.”
On appeal, the mother argues that the trial court erred in failing to apply the more stringent standard established in Ex parte McLendon, 455 So.2d 863 (Ala.1984), and, therefore, erred in awarding the father custody of the child. The record indicates that the trial court construed the father’s May 19, 1999, motion for custody as a dependency action filed pursuant to § 12-15-1 et seq., Ala.Code 1975. The applicable standard in the dispositional phase of a dependency proceeding is the “best interest” standard. Jones v. Webb, 524 So.2d 374 (Ala.Civ.App.1988). In order to make a disposition pursuant to the dependency statute and apply the “best *893 interest” standard, the trial court must first make a finding that the child is dependent. See § 12-15-1(10), Ala.Code 1975; § 12-15-71(a), Ala.Code 1975.
When a review of the record discloses that the hearing relates to custody rather than to dependency, or that the determination of dependency is only incidental to a custody determination, the trial court must apply the appropriate custody standard. See Ex parte S.T.S., 806 So.2d 336 (Ala.2001); C.P. v. M.E, 667 So.2d 1357 (Ala.Civ.App.1994); Jones v. Webb, 524 So.2d 374 (Ala.Civ.App.1988). The trial court found that the mother, by her own admission, was not a fit and proper parent in 1999 when the petition was originally filed. However, at the time of the hearing, two years later, the trial court found both the mother and the father to be fit parents. Our review of the record reveals that the trial court never determined the child to be dependent. Thus, we conclude that the matter was not a dependency action, and that it was instead a custody dispute between the parties. See Ex parte S.T.S., supra. Therefore, this court must look to the general rules applicable to an award of custody in determining whether the trial court applied the appropriate standard in this case.
The trial court’s 1994 order awards the mother primary custody of the child. Therefore, this action does not involve an initial custody determination, and we conclude that the applicable standard in this case is the custody-modification standard set forth in Ex parte McLendon, supra.[1] Under McLendon, a parent seeking to modify a previous custody order bears a heavier burden of proof than is required for an initial award of custody. When there has been a previous judgment granting custody to one parent, or if one parent has given up legal custody, then custody will be changed only if the parent seeking the modification proves that there has been a material change in circumstances since the prior judgment, that the child’s best interest will be materially promoted by a change of custody, and that the benefits of the change will more than offset the inherently disruptive effect caused by the change in custody. Ex parte McLendon, 455 So.2d at 866. “The evidence must be so substantial as to show an obvious and overwhelming necessity for a change.” Vick v. Vick, 688 So.2d 852, 855 (Ala.Civ.App.1997). Rather than applying the custody-modification standard set forth in McLendon, supra, however, the trial court applied the “best interest of the child” standard in awarding the father custody of the child. Therefore, we must conclude that the trial court erred in failing to apply the custody-modification standard in McLendon, supra.
The mother also asserts that the trial court erred in excluding certain evidence. At the hearing, the mother’s expert, Dr. James Suess, testified regarding his evaluation of the mother and the child. The record indicates that when Dr. Suess began to testify regarding a “Port Relationship Test” (“the test”) he performed on the child, the father objected to any testi *894 mony regarding the results of the test on the basis that, because one of the drawings related to the test was unavailable, the father would not be able to fully and effectively cross-examine Dr. Suess. The trial court sustained the father’s objection. According to Dr. Suess’s testimony, the test shows the child’s perception of the relationship between the child and other family members. The record indicates that the test involves giving the child five pieces of paper with stick figures drawn on them and asking the child to draw on the papers. Dr. Suess had four of the five drawings related to the test with him at the hearing. Dr. Suess testified that although he had misplaced the fifth drawing, he had his notes regarding that drawing. Dr. Suess also testified that the missing drawing exceeded the test required for the child’s age. Dr. Suess testified that the test also included individual free play between Dr. Suess and the child. Toward the end of the hearing, the misplaced drawing was discovered and the mother sought permission from the court to have Dr. Suess retake the stand and testify regarding the test. The father moved to exclude any further testimony from Dr. Suess; the trial court granted that motion.
“The trial court’s decision to admit or to exclude evidence is within its sound discretion, and that decision will not be reversed on appeal absent a showing of an abuse of discretion.” Roberts v. Roberts, 802 So.2d 230, 236 (Ala.Civ.App.2001). Further, even if the trial court is found to have erred in excluding the evidence, the trial court’s judgment will not be reversed on appeal “unless ... it should appear that the error complained of has probably injuriously affected substantial rights of the parties.” Rule 45, Ala. R.App. P.; see Atkins v. Lee, 603 So.2d 937 (Ala.1992); Snow v. Boykin, 432 So.2d 1210, 1214 (Ala.1983); see also American Furniture Galleries, Inc. v. McWane, Inc., 477 So.2d 369 (Ala.1985); Muncher v. Muncher, 509 So.2d 250 (Ala.Civ.App.1987). Although this court might not have excluded the testimony of Dr. Suess, this court will not substitute its judgment for that of the trial court. See Fricks v. Wood, 807 So.2d 561 (Ala.Civ.App.2001). It was clearly within the trial court’s discretion to exclude the evidence related to the results of the test. See Roberts v. Roberts, supra. Further, the trial court’s exclusion of Dr. Suess’s testimony regarding the results of the test does not appear to have “injuriously affected” the mother’s “substantial rights.” See Rule 45, Ala. R.App. P. Therefore, we conclude that the trial court did not err in excluding Dr. Suess’s testimony relating to the results of the test.
The judgment of the trial court is reversed and the cause is remanded for the trial court to apply the McLendon standard to the facts of this case.
REVERSED AND REMANDED.
YATES, P.J, and CRAWLEY, J., concur.
MURDOCK, J., concurs in the result.
PITTMAN, J., recuses himself.

. The trial court’s 1994 order awarded the mother primary custody of the child. Although in August 1999 the trial court awarded the father pendente lite custody of the child pending a final hearing, a pendente lite custody order does not shift the burden of proving the custody-modification standard set forth in McLendon from the father. See Grant v. Grant, 820 So.2d 824 (Ala.Civ.App.2001) (distinguishing between a temporary-custody award and a pendente lite custody award and holding that the entry of a pendente lite order does not shift the McLendon burden of proof); Sims v. Sims, 515 So.2d 1 (Ala.Civ.App.1987) (holding that an award of pendente lite custody to one parent during the pendency of a hearing does not activate McLendon).