THOMPSON, Judge.
This is the second time the parties have been before this court. B.S.L. (“the mother”) and S.E. (“the father”) have one child, S.D.E. (“the child”). The parties never married. At the time of the hearing in this matter, the child was seven years old. On June 29, 1994, the trial court issued an order, based on the agreement of the parties, establishing the father’s paternity, awarding the mother primary custody of the child, awarding the father reasonable visitation, and ordering the father to pay child support.
On May 19, 1999, the father filed a motion seeking immediate custody of the child. The trial court denied that motion and, treating the motion as one for a determination of dependency of the child, set a hearing for July 19, 1999. The trial court then entered an order postponing the July hearing, granting the father pen-dente lite custody of the child, and granting the mother visitation. On February 18, 2000, the parties entered into an agree- *184 merit expanding the mother’s visitation, pending a final hearing. On January 23, 2001, May 8, 2001, and May 9, 2001, the trial court held hearings and received ore tenus evidence (hereinafter referred to as “the hearings”). On May 16, 2001, the trial court entered a judgment in which, among other things, it awarded custody of the child to the father. The trial court’s May 16, 2001, judgment did not find the child to be dependent. The mother appealed. B.S.L. v. S.E., 826 So.2d 890 (Ala.Civ.App.2002) (“B.S.L. I”).
In its May 16, 2001, judgment, the trial court made a number of specific findings of fact. Among those findings of fact, the trial court found that the standard set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984), did not apply to the case; that the mother, by her own admission, was not a fit parent at the time the father filed his May 19, 1999, petition for a modification of custody; and that at the time of the hearings, both parents were fit and proper parents. The trial court’s May 16, 2001, order states that the trial court “specifically rejected] joint legal custody as a result of the evidence which [was] presented which show[ed] a great deal of animosity between the parties and an unwillingness to compromise or set aside petty disputes.”
In B.S.L. I, this court concluded that the hearings related to the issue of custody rather than to the issue of dependency, and, thus, the trial court should have applied the appropriate custody standard. B.S.L. I, 826 So.2d at 892. Because the mother had been awarded primary custody in the trial court’s June 29, 1994, order, this court concluded that the standard set forth in Ex parte McLendon, supra, was the appropriate standard to apply to the facts of the case. B.S.L. I, 826 So.2d at 892. Thus, this court concluded in B.S.L. I that the trial court in its May 16, 2001, judgment erred in applying the best-interest standard rather than the more stringent standard set forth in Ex parte McLendon, supra, in modifying its custody order as it relates to the child. This court reversed the trial court’s May 16, 2001, judgment and remanded the case for the trial court to apply the McLendon standard to the facts of the case. B.S.L. I, 826 So.2d at 892. On remand, the trial court, on April 4, 2002, entered an order finding that the father had met the standard set forth in Ex parte McLendon, supra, awarding custody of the child to the father, awarding the mother standard visitation, and ordering the mother to pay child support of $227 per month. The mother appeals.
The trial court’s judgment based on evidence received ore tenus is entitled to a presumption of correctness on appeal and will not be reversed absent a showing that the trial court abused its discretion or that the judgment is so unsupported by the evidence as to be plainly and palpably wrong. Ex parte Byars, 794 So.2d 345 (Ala.2001); Scholl v. Parsons, 655 So.2d 1060 (Ala.Civ.App.1995). This “presumption of correctness is based in part on the trial court’s unique ability to observe the parties and the witnesses and to evaluate their credibility and demeanor.” Littleton v. Littleton, 741 So.2d 1083, 1085 (Ala.Civ.App.1999). However, when a trial court improperly applies the law to the facts, the trial court’s judgment is not entitled to a presumption of correctness on appeal. Laminack v. Laminack, 675 So.2d 479 (Ala.Civ.App.1996).
The trial court’s April 4, 2002, order states, in pertinent part:
“2. The court does find that circumstances changed from the rendition of [the] order on June 29, 1994, until the filing date of the petition for change of custody filed by the father herein on *185 May 19, 1999, in that, the mother became unfit and at the time of the filing of this petition, May 19,1999, she was an unfit parent due to her chronic addiction to, and abuse of, alcohol and drugs.
“3. The court does find further changed circumstances, in that, the child’s custody was awarded pendente lite to the father pending final hearing herein for a period well in excess of two (2) years, and that the child bonded with the father during that time.
“4. On the basis of all the evidence presented, and the changed circumstances found by the court, the court does find that it would materially promote the best interest of the child if her custody was awarded to her father, and that said change and the benefits therefrom far outweigh any inherent disruption as a result of change in custody and, therefore, it is in the best interest of the child that custody be awarded to the father.
“5. The court does further find that because of the length of time the child lived with the father under the pendente lite order, the inherent disruption presumed by law, in fact, does not exist in these circumstances.”
The mother asserts that the trial court erred in finding that the length of the father’s pendente lite custody absolved him of his burden to demonstrate that the benefits of a change in custody outweighed the inherent disruption to the child. Under Alabama caselaw, where there has been a previous judgment granting custody to one parent, or if one parent has given up legal custody, then custody will be modified only if the parent seeking the modification proves that there has been a material change in circumstances since the prior judgment, that the child’s best interest will be materially promoted by a change of custody, and that the benefits of the change will more than offset the inherently disruptive effect caused by uprooting the child. Ex parte McLendon, 455 So.2d at 866. This court has held that an award of custody pendente lite does not shift the burden set forth in Ex parte McLendon, supra. Grant v. Grant, 820 So.2d 824 (Ala.Civ.App.2001); Sims v. Sims, 515 So.2d 1 (Ala.Civ.App.1987).
In its April 4, 2002, order, the trial court specifically found that the inherent disruption caused by the modification of custody that is presumed by the law did not exist in this case because of the length of time the father had pendente lite custody of the child. Under McLendon, supra, the father must show not only that there has been a material change in circumstances since the previous award of custody such that the child’s best interest will be materially promoted by the change in custody, but also that the benefits of the change in custody will more than offset the inherent disruption caused by the change. Ex parte McLendon, 455 So.2d at 866. Although this court has held that the award of temporary custody is sufficient to shift the burden under McLendon, supra, an award of custody pendente lite is not. See Webb v. Webb, 508 So.2d 281, 282 (Ala.Civ.App.1987). Therefore, this court concludes that the trial court erred as a matter of law in finding that the inherent disruption caused by a modification of custody would not exist because the father had maintained pendente lite custody of the child for in excess of two years.
The mother’s other argument on appeal is that the father failed to meet the burden set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984), necessary to justify a change in custody, and, thus, that the trial court erred in awarding the father custody of the child. However, this issue is preter-mitted by our conclusion that the trial *186 court erred in failing to properly apply the McLendon standard.
The judgement of the trial court is reversed and the cause is remanded for the entry of an order that properly applies the standard set forth in Ex parte McLendon, supra. Because this matter has been unresolved for so long, it would be in the child’s best interest for the trial court to timely address this matter on remand.
REVERSED AND REMANDED.
YATES, P.J., concurs.
CRAWLEY, J., concurs in the result.
PITTMAN, J., recuses himself.