853 So.2d 246 (2002)
S.G.
v.
P.C.
2010631.
Court of Civil Appeals of Alabama.
November 8, 2002.
Rehearing Denied January 17, 2003.
Russell C. Balch of Akridge & Balch, P.C., Auburn, for appellant.
Mitzi L. Sears of Sears & Van Dyke, L.L.P., Opelika; and Mike Watkins, Auburn, for appellee.
PITTMAN, Judge.
S.G. ("the mother") appeals a trial court's judgment modifying child custody and awarding physical custody of the children to P.C. ("the father").
The mother gave birth to twins ("the children") on April 28, 2000. In June 2000 the mother sued to establish paternity; following genetic testing, P.C. was determined to be the children's biological father. The father and the mother never married, and the father is married to another woman. The trial court entered an order in October 2000 confirming the children's paternity, granting physical custody of the children to the mother, establishing a visitation schedule for the father, and ordering the father to pay child support.
In early January 2002 the mother dropped the children off with the father's wife in accordance with the regular visitation *247 schedule. The mother asked the wife to be careful with one of the children because she had fallen the day before and had a bruise on her buttocks. Upon inspecting the bruise, the wife thought that it resembled a handprint, so she telephoned S.G.'s mother, who told her to call the sheriff's department. The sheriff's department referred the wife to the Lee County Department of Human Services ("DHR"). The wife reported the bruise to DHR, who conducted an investigation and eventually prepared a report determining that abuse was not indicated.
On January 11, 2002, the father filed a dependency petition with the Lee County Juvenile Court and requested custody of the children. That same day, the juvenile court entered a temporary order awarding custody to the father pending a hearing; the order set a "72-hour hearing"[1] on the petition for January 14, 2002. The mother was not represented by counsel at the 72-hour hearing. Following the hearing, the trial court found the children to be dependent, awarded legal custody of the children to DHR, and placed them in shelter care pending the results of home evaluations on the father, the mother, and other possible caretakers. On January 15, 2002, the trial court received the results of the DHR home evaluations; DHR found both the mother's and the father's homes to be adequate placements for the children. At this hearing the trial court continued the children's custody with DHR pending further investigation and awarded physical custody of the children to the father.
The trial court held a final hearing on February 11 and 13, 2002. During the two-day proceeding the father, the maternal grandmother, and the mother testified. The trial court accepted into evidence the DHR home evaluations of both the father and the mother. The trial court also accepted the DHR investigative report that showed that abuse was not indicated in the incident involving the bruise on the one child. The trial court allowed the guardian ad litem to address the court after the attorneys made their closing arguments. A detailed discussion of the facts is not necessary because, after reviewing the record, we find that the trial court applied the wrong standard when it awarded custody to the father.
At the conclusion of the hearing, the trial court made an oral ruling based on the evidence, which was presented ore tenus. First, the trial court stated that it was using the "best interest of the children" standard as required in the dependency statute. The trial court then attempted to avoid error in its not applying Ex parte McLendon, 455 So.2d 863 (Ala.1984), by stating that even had it applied the McLendon standard, the result would be the same. Next, the trial court held that the children were dependent and quoted § 12-15-1(10), Ala.Code 1975, to support its finding of dependency. The trial court cited subsections d., f., and g. of § 12-15-1(10) to support its finding of dependency.[2]
On appeal the mother argues that the trial court erred in failing to apply the McLendon standard and therefore erred in awarding the father custody of the children. Generally, a judgment based on ore tenus evidence is presumed correct on appeal, and that judgment will not be *248 reversed absent an abuse of discretion or a showing that the judgment is plainly or palpably wrong. B.J.N v. P.D., 742 So.2d 1270 (Ala.Civ.App.1999). This court has consistently held:
"[W]hen a review of the record discloses that the hearing relates to custody rather than to dependency, or that the determination of dependency is only incidental to a custody determination, the trial court must apply the appropriate custody standard."
B.S.L. v. S.E., 826 So.2d 890, 893 (Ala.Civ.App.2002). See also S.T.S. v. C.T., 746 So.2d 1017 (Ala.Civ.App.1999); C.P. v. M.K., 667 So.2d 1357 (Ala.Civ.App.1994). While the court in B.S.L. did not make a finding of dependency and the court in this case did make such a finding, a careful review of the entire record leads us to conclude that this was not a dependency action, but was instead a custody dispute between the parties.
The trial court's October 2000 order establishing paternity gave primary physical custody to the mother with standard visitation to the father. Therefore, because there has already been an initial custody determination, we conclude that the applicable standard in this case is the custody-modification standard established in Ex parte McLendon, supra. Under this standard, a parent seeking to modify a previous custody order bears a heavier burden of proof than is required for an initial custody determination. Pursuant to McLendon,
"custody will be changed only if the parent seeking the modification proves that there has been a material change in circumstances since the prior judgment, that the child's best interest will be materially promoted by a change of custody, and that the benefits of the change will more than offset the inherently disruptive effect caused by the change in custody."
B.S.L. v. S.E., 826 So.2d at 893, summarizing Ex parte McLendon, 455 So.2d at 866. Rather than applying the McLendon custody-modification standard in this case, the trial court stated that it would apply the best-interest-of-the-child standard in awarding custody of the children. The evidence in the record does not support a finding of dependency that would bring the children within any subsections of § 12-15-1(10), Ala.Code 1975; therefore, we conclude that the trial court erred in failing to apply the McLendon standard. See B.S.L. v. S.E., supra; C.P. v. M.K., supra. On remand we remind the juvenile court that "[t]he evidence must be so substantial as to show an obvious and overwhelming necessity for a change [in custody]." Vick v. Vick, 688 So.2d 852, 855 (Ala.Civ.App.1997).
The mother also argues that she was denied effective assistance of counsel at trial, that her waiver of the right to counsel at the 72-hour hearing was invalid, and that her constitutional rights have been violated by the juvenile court's judgment. We pretermit discussion of these issues because we conclude that the juvenile court erroneously treated this cause as a dependency action, rather than a custody dispute, which is the actual basis of this litigation.
REVERSED AND REMANDED.
YATES, P.J., and THOMPSON, J., concur.
CRAWLEY and MURDOCK, JJ., concur in the result.
NOTES
[1] Section 12-15-60, Ala.Code 1975, required the juvenile court to hold a hearing within 72 hours of the filing of the petition.
[2] Those subsections refer to a child whose home is an unfit and improper place for a child (§ 12-15-1 (10)d.), or who is under such improper or insufficient guardianship or control as to endanger the morals, health, or welfare of the child (§ 12-15-1(10)f.), or who has no proper parental care or guardianship (§ 12-15-1(10)g.).