869 So.2d 507 (2003)
C.A.M.
v.
B.G.H.
2020316.
Court of Civil Appeals of Alabama.
July 11, 2003.
Benjamin H. Richey, Russellville, for appellant.
A. Wade Leathers of Hollis, Leathers & Leathers, P.C., Winfield, for appellee.
THOMPSON, Judge.
C.A.M. ("the mother") and B.G.H. ("the father") were divorced by a May 25, 1999, judgment of the trial court. One child was born of the parties' marriage. Pursuant to the terms of the divorce judgment, the parties were awarded joint legal custody; the mother was awarded primary physical custody of the parties' minor child and the father was awarded standard visitation.
On March 29, 2001, the father filed a petition to modify custody of the child, alleging a material change of circumstances in light of allegations that the wife's husband had sexually abused the parties' minor child. The trial court awarded temporary custody of the child to the father on March 29, 2001. On August 22, 2002, and October 3, 2002, the trial court held hearings and received ore tenus evidence. The trial court entered a final judgment on October 24, 2002, in which it, among other things, awarded custody of the child to the father. The mother filed a postjudgment motion; the trial court denied the motion on November 21, 2002. The mother appealed.
*508 The mother argues on appeal that the trial court erred in failing to apply the child-custody-modification standard set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984), and, therefore, that it erred in awarding the father custody of the child. In her brief on appeal, the mother asserts that the trial court's October 24, 2002, judgment neither made reference to the child-custody-modification standard considered by the trial court in its decision nor set out the factors considered by the trial court in its custody determination. Generally, a trial court's custody determination following the presentation of ore tenus evidence is presumed correct and that judgment will not be set aside on appeal absent a finding that the trial court abused its discretion or that its determination is so unsupported by the evidence as to be plainly and palpably wrong. Scholl v. Parsons, 655 So.2d 1060 (Ala.Civ.App.1995). However, where a trial court bases its custody determination on an improper custody-modification standard, that judgment is due to be reversed. See generally B.S.L. v. S.E., 826 So.2d 890 (Ala.Civ.App. 2002).
At the outset, we note that, although the trial court's May 25, 1999, judgment awarded the parties joint legal custody, primary physical custody of the child was vested in the mother. See Ex parte Johnson, 673 So.2d 410 (Ala.1994); see also Blackmon v. Scott, 622 So.2d 393 (Ala.Civ.App.1993). Where there is a prior custody judgment, the party seeking a change in custody must show that the change will materially promote the child's best interest and that the benefits of the requested change will more than offset the inherently disruptive effect caused by uprooting the child. Ex parte McLendon, supra.
From the trial court's October 24, 2002, judgment, we are unable to ascertain what standard the trial court applied in its custody determination. With regard to custody, the trial court's judgment states, in pertinent part, "[t]hat the petitioner/father is awarded the care, custody and control of the minor [child] ... subject to ... visitation of the respondent mother...." Given this court's inability to determine the standard employed by the trial court in reaching its custody decision and the particularly close facts presented before us in the record on appeal, the judgment of the trial court is reversed and the cause is remanded to allow the trial court to evaluate the evidence in accordance with the standard set forth in Ex parte McLendon. Martin v. Payne, 739 So.2d 510 (Ala.Civ.App. 1999); Dodd v. Dodd, 655 So.2d 1000 (Ala. Civ.App.1994); Clayton v. Clayton, 598 So.2d 929 (Ala.Civ.App.1992).
REVERSED AND REMANDED.
YATES, P.J., and PITTMAN, J., concur.
CRAWLEY and MURDOCK, JJ., dissent.
CRAWLEY, Judge, dissenting.
I dissent based on the authority of Ex parte Johnson, 673 So.2d 410 (Ala.1994), opinion on remand, 673 So.2d 414 (Ala.Civ. App.), petition for mandamus granted, Ex parte Breedlove, 673 So.2d 415 (Ala.1995). Our supreme court has held that, in a situation such as the one presented in this case, this court should review the evidence in light of the standard set out in Ex parte McLendon, 455 So.2d 863 (Ala.1984), rather than remand the case to the trial court for it to conduct the review.
MURDOCK, Judge, dissenting.
"Although the circuit court did not state the standard of review that it applied ..., we assume that the circuit court applied the correct standard of review, absent any *509 indication to the contrary." Waldrop v. State Bd. of Public Accountancy, 473 So.2d 1064, 1066 (Ala.Civ.App.1985). Similarly,
"[i]n regard to custody determinations, this Court has also stated: `It is also well established that in the absence of specific findings of fact, appellate courts will assume that the trial court made those findings necessary to support its judgment, unless such findings would be clearly erroneous.'"
Ex parte Fann, 810 So.2d 631, 633 (Ala. 2001) (quoting Ex parte Bryowsky, 676 So.2d 1322, 1324 (Ala.1996)).
On the basis of these principles, I would proceed to decide this case on its merits. Based on the record before us, I would affirm the judgment of the trial court. Therefore, I respectfully dissent.