Carlos O'Dell Spears, Jr.("the father"), and Peggy Sue Spears Wheeler ("the mother") divorced in March 1992. The mother was awarded custody of the couple's only child. After the divorce, the mother and the child moved to Connecticut.
In August 2001 the father filed a petition to modify custody and visitation in the Russell Circuit Court ("the trial court"). The mother petitioned for a stay of the proceedings, but her petition was denied. The mother failed to appear in court, and the father was awarded custody by a default judgment entered on August 22, 2001. However, for reasons that are not clearly indicated in the record, the child remained with the mother in Connecticut.
On March 14, 2002, the mother filed a petition to modify custody and for a rule nisi in the trial court, seeking to regain custody of the child. The court received ore tenus evidence at a hearing in February 2003, and, on February 18, 2003, it awarded custody of the child to the mother. The father appealed.
The father argues on appeal that the trial judge failed to apply the child-custody-modification standard set forth in Ex parte McLendon,455 So.2d 863 (Ala. 1984), and, therefore, that it erred in awarding custody to the mother. Generally, the judgment of a trial court based on ore tenus evidence is presumed correct, and the judgment will not be set aside absent a finding that its determination is so unsupported by the evidence as to be an abuse of discretion. Porter v.Porter, 477 So.2d 433
(Ala.Civ.App. 1985). However, where a trial court bases its custody determination on an improper custody-modification standard, that judgment is due to be reversed. See Ex parte S.T.S., 806 So.2d 336 (Ala. 2001);B.S.L. v. S.E., 826 So.2d 890 (Ala.Civ.App. 2002); C.P. v.M.K.,667 So.2d 1357 (Ala.Civ.App. 1994).
Where a prior custody judgment exists, a party seeking a change in custody must show that the change will materially promote the child's best interest and that the benefits of the requested change will more than offset the inherently disruptive effect caused by uprooting the child. Ex parte McLendon, supra.
In this case, the most recent custody judgment is the August 2001 default judgment awarding custody to father. The mother did not seek to set aside that judgment but, instead, sought to modify it. Therefore, she was required to meet the McLendon standard. We are unable to ascertain from the trial court's judgment the standard it applied in reaching its February 18, 2003, custody determination. From comments in the transcript, it appears that the trial court may have applied the "best interests" standard set forth in Ex parte Couch, 521 So.2d 987 (Ala. 1988). *Page 609 
Given this court's inability to determine the standard used by the trial court in reaching its custody decision and the facts presented before us in the record on appeal, the judgment of the trial court is reversed, and the cause is remanded to allow the trial court to evaluate the evidence in accordance with the standard set forth in Ex parteMcLendon and, if appropriate, to make findings of fact in support of its custody determination. Martin v. Payne, 739 So.2d 510 (Ala.Civ.App. 1999); Dodd v. Dodd, 655 So.2d 1000 (Ala.Civ.App. 1994); Claytonv.Clayton, 598 So.2d 929 (Ala.Civ.App. 1992).
REVERSED AND REMANDED.
CRAWLEY and PITTMAN, JJ., concur.
YATES, P.J., and MURDOCK, J., dissent.