THOMPSON, Judge.
Dianne O’Kelley Turner (“the mother”) and Charles Michael Denney (“the father”) were divorced by an April 20, 2000, judgment of the trial court. One child was born of the parties’ marriage. Pursuant to the divorce judgment, the parties were awarded joint legal custody of the child, the mother was awarded primary physical custody, and the father was awarded visitation.
On May 14, 2002, the mother filed a petition seeking to modify the judgment of divorce, alleging a material change in circumstances. Specifically, the mother alleged, among other things, that the father and his current wife had been physically and verbally abusive toward the child, that the father had failed to provide the child with a wholesome environment, that the father had failed to promote the welfare of the child, and that the father had made derogatory comments about the mother in the presence of the child. In her petition, the mother did not specify the manner in which she sought to modify the divorce judgment; however, the mother also filed a petition seeking to suspend the father’s visitation along with her petition for modification. On May 14, 2002, the trial court issued an order temporarily suspending the father’s visitation rights.
On May 23, 2002, the father answered the mother’s petition and counterclaimed, seeking primary physical custody of the child. According to the father, the mother had interfered with his relationship with the child. The father further alleged that the mother caused him to be arrested five *1017 times and that, because of allegations the mother had made against him, the Calhoun County Department of Human Resources (“DHR”) had prepared at least seven reports concerning the minor child. The father alleged that all the reports had been deemed “not indicated” by DHR.
On August 6, 2002, the trial court vacated its May 14, 2002, order and allowed the father to resume scheduled visitation with the child. In addition, the trial court ordered the parties to participate in family counseling with Bobby Malone, a court-appointed psychotherapist.
On April 4, 2003, the father renewed his petition seeking primary physical custody of the child. The father alleged that the mother had continued to interfere in his relationship with the child and that the mother’s false allegations against him had subjected the child to feelings of guilt and stress.
On April 4, 2003, the trial court issued a pendente lite order awarding the father primary physical custody of the child and awarding the mother visitation. The trial court also enjoined the mother from committing acts of violence, harassment, or intimidation against the father.
The trial court held a hearing on January 20, 2004, at which it received ore tenus evidence. Following the hearing, the trial court entered a final judgment on January 29, 2004, in which it awarded the father primary physical custody of the child, awarded the mother scheduled visitation, and ordered the mother to pay child support. The mother appealed.
In C.A.M. v. B.G.H., 869 So.2d 507, 508 (Ala.Civ.App.2003), this court stated:
“Generally, a trial court’s custody determination following the presentation of ore tenus evidence is presumed correct and that judgment will not be set aside on appeal absent a finding that the trial court abused its discretion or that its determination is so unsupported by the evidence as to be plainly and palpably wrong. Scholl v. Parsons, 655 So.2d 1060 (Ala.Civ.App.1995). However, where a trial court bases its custody determination on an improper custody-modification standard, that judgment is due to be reversed. See generally B.S.L. v. S.E., 826 So.2d 890 (Ala.Civ. App.2002).”
In her brief on appeal, the mother argues that the trial court erred in modifying custody of the child because, she alleges, it failed to apply the child-custody-modification standard set out in Ex parte McLendon, 455 So.2d 863 (Ala.1984). The resolution of that issue is dispositive.
In the instant case, the April 20, 2000, divorce judgment awarded the parties joint legal custody, with the mother having primary physical custody of the child. The father sought to modify that judgment and to obtain primary physical custody of the child. In order to obtain a change in custody, the father was required to meet the standard set forth in Ex parte McLendon. Spears v. Wheeler, 877 So.2d 607 (Ala.Civ.App.2003); C.A.M. v. B.G.H., 869 So.2d 507; and Dodd v. Dodd, 655 So.2d 1000 (Ala.Civ.App.1994). Under Ex parte McLendon, a party seeking a change in custody must show a material change in circumstances since the trial court’s most recent order, that the change in custody will materially promote the best interests of the child, and that the benefits of the change in custody will more than offset the disruptive effect of uprooting the child. Ex parte McLendon, 455 So.2d 863.
From the record before us, we are unable to determine what standard the trial court applied in modifying custody. The judgment entered by the trial court and the record are silent in that respect. *1018 Accordingly, due to our inability to determine whether the trial court applied the proper custody-modification standard in this case, the judgment of the trial court is reversed, and the case is remanded to allow that court to evaluate the evidence pursuant to Ex parte McLendon. Spears v. Wheeler, 877 So.2d 607; C.A.M. v. 869 So.2d 507; and Dodd v. Dodd, 655 So.2d 1000.
REVERSED AND REMANDED.
YATES, P.J., and PITTMAN, J., concur.
MURDOCK, J., concurs in the result, without writing.
CRAWLEY, J., dissents, without writing.