15 So.3d 532 (2009)
Ex parte Lori Jane Ethridge MCCORMICK.
(In re Lori Jane Ethridge McCormick v. William Curtis Ethridge).
1080149.
Supreme Court of Alabama.
February 27, 2009.
Jerry M. Blevins, Montgomery, for petitioner.
Submitted on petitioner's brief only.
Prior report: Ala.Civ.App., 15 So.3d 524.
BOLIN, Justice.
WRIT DENIED.
*533 COBB, C.J., and LYONS, WOODALL, STUART, SMITH, PARKER, and SHAW, JJ., concur.
MURDOCK, J., dissents.
MURDOCK, Justice (dissenting).
As indicated in the Court of Civil Appeals' opinion, to justify a change of custody in a child-custody-modification case, not only must the noncustodial parent seeking the change demonstrate that he or she is a fit custodian, (1) there must have been a material change of circumstances since the previous custodial award and (2) the positive good to be brought about by the proposed change of custody must more than offset whatever disruption will be caused by the change. McCormick v. Ethridge, [Ms. 2070405, Oct. 17, 2008] 15 So.3d 524 (Ala.Civ.App.2008). The reason for the first requirement  that there has been a material change of circumstances  is to overcome the res judicata effect of the prior custodial judgment. See Self v. Fugard, 518 So.2d 727, 730 (Ala.Civ.App. 1987); Spears v. Wheeler, 877 So.2d 607, 609 n. 1 (Ala.Civ.App.2003). See generally Ex parte J.P., 641 So.2d 276, 278 (Ala. 1994). The latter requirement, often referred to as the "material promotion" test of Ex parte McLendon, 455 So.2d 863 (Ala. 1984), is a separate requirement. I would grant certiorari review in this case to examine the record and, in the context of that record, to review the holdings of the trial court and the Court of Civil Appeals to determine whether there has been some confusion of these two requirements. It is hard for me to conceive that where, in the words of the Court of Civil Appeals, at the time of the divorce "the mother was mired in a substance-abuse problem and agreed to give custody of the child to the father because of that problem," but undisputedly "has since overcome that problem, remarried, obtained steady employment, given birth to another child whom she is raising with her current husband, and established a suitable home for her children," 15 So.3d at 527, there has not been a material change of circumstance since the divorce. (Whether a change of custody to the mother would satisfy the "material promotion" requirement would then be a separate question.) Even aside from this change of circumstance, which the petition appears not to treat as the basis for concluding that there has been a material change of circumstances, I would like to consider further the arguments made by the mother in her petition as to a change of circumstances, namely that, since the parties' divorce, the father has developed an alcohol problem, has cohabited with a series of women, and has committed acts of domestic violence against some of the women, or their children, all of which the mother argues have adversely affected the child.
Based on the foregoing, I conclude the petition should be granted; therefore, I respectfully dissent.