BRADLEY, Judge.
This is a child custody modification case.
In October 1984 Susan Hargett, the mother, and Steven Skinner, the father, were divorced in Tennessee. The divorce decree incorporated by reference the settlement agreement which both the parties had signed and which had been filed with the joint petition for divorce. In this agreement the parties were to have joint custody of their minor child, Allison Skinner. The father was to have custody of Allison for nine months out of the year and the mother was to have custody of Allison for the three months during the summer. The parties were to agree on additional visitation privileges from time to time.
*653 At the time of the divorce the father was managing a business in Jackson, Tennessee. When he was unable to locate anyone suitable to care for Allison in Tennessee, the father brought Allison to Decatur, Alabama to live with his parents. There was testimony at the hearing that the father came to Decatur on weekends and that Allison and her grandmother visited Tennessee several times. In March or April of 1985 the father was able to find someone to take over the business that he was managing, and he returned to Decatur to live with his parents and daughter.
In February 1985 the mother married Mike Hargett. In August 1985 the mother filed a petition in Morgan County Circuit Court asking the court to modify the Tennessee divorce decree to allow her full custody of Allison.
A pendente lite hearing was held in August 1985, and the court ordered that custody was to remain with the father pending a final hearing.
The final hearing was held in October 1985. In its decree the trial court determined that there had been a material change in circumstances sufficient to warrant a modification of the Tennessee divorce decree. Custody of Allison was given to the mother. The father appeals.
On appeal the father contends that the mother failed to meet her burden of proof in showing that there was a material change of circumstances which would promote the child’s best interests and welfare. Thus, he says, the trial court erred in modifying custody.
Initially, we note that it is presumed that the trial court correctly applied its discretionary authority in determining what would be in the best interests of the child. Therefore, this court will not reverse the trial court unless it appears that its decision was so unsupported by the evidence as to be plainly wrong. Cook v. Cook, 462 So.2d 370 (Ala.Civ.App.1984).
The father argues that it was not enough to justify modification for the mother to show that she had remarried, had a better financial outlook, and had improved her lifestyle. Grimwood v. Grimwood, 465 So.2d 1167 (Ala.Civ.App.1985). The father cites Ex parte McLendon, 455 So.2d 863 (Ala.1984), as the case which establishes the burden of proof for those seeking the modification of child custody decrees. In Ex parte McLendon, the Alabama Supreme Court stated that the parent seeking a change in custody must show that the child’s welfare will be materially promoted by that change in custody.
In this case the trial court stated that the evidence indicated that a material change in circumstances existed and that a change in custody would be in Allison’s best interests. The court determined that any disruptive effect on the child would be minimal since Allison is very young (three years old), is not established in school or any related programs, and has a good relationship with her mother. In the trial court’s opinion, the positive good resulting from the change in custody would outweigh any disruptive effect.
The trial court recognized that both parents love Allison and both would provide good homes for her. The court heard the testimony and determined what would be in the child’s best interests.
There was evidence that the mother has remarried and she and her husband have a three bedroom home in Madison, Alabama. One of these bedrooms would be for the sole use of Allison. Since her current hus.band makes a sufficient income for their support, the mother can devote full time to the care and supervision of Allison.
The paternal grandparents own a two bedroom home. It is necessary for Allison to share a room with her father. The evidence also showed that the paternal grandmother was responsible for the daily care of Allison because the father worked from 7:00 a.m. to 5:00 p.m. each day.
Based on the above, we cannot say that the trial court erred in placing Allison in the custody of her mother.
*654 The decree is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.