In October 1999, Wesley A. Daniel (the "father") and Kimberly D. Daniel (the "mother") were divorced. By agreement, the parties were awarded joint legal custody of their two minor children, with the mother having sole physical custody. On October 31, 2000, the father filed a "Verified Petition For Emergency Ex Parte Relief." In that petition, he alleged that the mother was physically abusive to their children. On November 2, 2000, following a review of the father's petition, affidavit, and photographs, the trial court ordered that the father be awarded sole temporary legal and physical custody of the children; it scheduled a hearing on the matter in December 2000. On December 13, 2000, the trial court conducted a pendente lite hearing and determined that the father should maintain sole temporary legal and physical custody; the mother was awarded the visitation originally given to the father in the divorce judgment. The trial court also ordered that the children be evaluated by a counselor, that the father enroll in a parenting class, and that the mother pay child support.
A trial on the merits of the father's petition to modify custody was conducted on August 15, 2001. Following the August 2001 trial, the trial court denied the father's petition to modify custody and, in turn, restored physical custody of the children to the mother. The father appeals, contending that the trial court applied the wrong standard for custody modification and that its decision was plainly and palpably wrong.
"The ore tenus rule is applicable to child-custody-modification proceedings, and the court's judgment based on its findings of fact will not be reversed absent a showing that the findings are plainly and palpably wrong." E.M.C. v. K.C.Y., 735 So.2d 1225, 1228 (Ala.Civ.App. 1999). However, in this case, the ore tenus rule has no application because the question presented to this court is not based on a finding of fact; rather it is one of law — whether the correct burden of proof was imposed by the trial court. This court has established the following standards of proof in custody-modification actions:
 "`Where the parties agree to joint legal custody and shared physical custody of the children without a judicial determination preferring either parent, "custody [is] appropriately determined by the trial court according to what [is] in the `best interest' of the children." Ex parte Couch, 521 So.2d 987, 989
(Ala. 1988). However, where the parents have joint legal custody, but a previous judicial determination grants primary custody to one parent and secondary custody to the other, "the trial court [is] correct in applying the [Ex parte] McLendon [, 455 So.2d 863 (Ala. 1984),] standard and requiring the [parent] to show that a change in custody would materially promote the welfare and best interests of the child, offsetting the disruptive effect of uprooting the child." Blackmon v. Scott, 622 So.2d 393, 394 (Ala.Civ.App. 1993).'" *Page 22 
Hoplamazian v. Hoplamazian, 740 So.2d 1100, 1102 (Ala.Civ.App. 1999).
The parties' original divorce agreement provided that they would have joint legal custody of the children and that the mother would have sole physical custody. The court, in its order denying the father's petition, stated:
 "The [father] agreed in October, 1999, that the [mother] was a fit, capable, and suitable parent to have the primary physical custody of their small children. [The father] bears a heavy burden to prove that there has been a substantial change of circumstances since the divorce which proves that the [mother] is no longer fit or capable of having custody of [the minor children]. The [father] has failed to satisfy this burden of proof necessary for the [c]ourt to order a permanent modification of the [children's] physical custody."
Here, the standard applied by the trial court appears to have been the standard set out in Ex parte Terry, 494 So.2d 628 (Ala. 1986), which applies in cases when a nonparent seeks to overcome the superior right of a parent to custody of a child. Therefore, we hold as a matter of law that the trial court applied the wrong standard to the facts in this case. Accordingly, we remand the case for the trial court to consider the evidence using the standard set out in Ex parte McLendon, 455 So.2d 863
(Ala. 1984). See Ex parte Perkins, 646 So.2d 46 (Ala. 1994).
The father's motion to strike portions of the mother's brief is denied.
REVERSED AND REMANDED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.