Sherry D. Roth Rehfeld ("the mother") appeals from a judgment of the Madison Circuit Court that, among other things, denied her petition to modify custody of two minor daughters born of the mother's marriage to Karl D. Roth ("the father"). Because we conclude that the trial court improperly required the mother to satisfy the more stringent of two legal standards applicable under Alabama law to child-custody disputes between fit parents, we reverse and remand.
The record reveals that the mother and the father married in June 1986 and that two daughters (aged 13 years and 10 years, respectively) were born of the parties' marriage. In October 1999, the trial court entered a judgment divorcing the parties in which that court incorporated an agreement of the parties concerning, among other things, child-custody and child-support issues. In pertinent part, the parties' agreement provided:
 "The parties shall have joint custody and control of the parties' minor children with lenient and liberal visitation for both parties with the best interest of the children being the primary consideration. The [father] shall have physical custody of the children beginning Sunday at 6:00 p.m. each week and ending at 5:00 p.m. on Wednesday of each week. The [mother] shall have physical custody of the children beginning Wednesday at 5:00 p.m. each week and ending at 6:00 [p.m.] on Friday of each week. The parties will alternate weekends. The holidays shall be alternated between the parties in accordance with the Holiday Visitation schedule attached. . . . Both parties have the right to maintain reasonable telephone communication with the children and both parties agree to work with each other in order to make the custody schedule most convenient for all parties with the welfare of the children and their school and activities being of primary importance. The children's residence for determining their school district will not be changed from their present residence.
 ". . . The [father] shall pay child support directly to the [mother] at the rate of $350 per month for the support, maintenance and education of the minor children.
". . . .
 "The award of child support made herein was not determined by application of the Child Support Guidelines established by Rule 32, [Ala. R. Jud. Admin.,] because of the joint custody arrangement."
In September 2002, the mother filed a petition seeking, among other things, a modification of custody, alleging that "changes in circumstances of the parties and the minor children are such that the children need a more stable and suitable situation for their well being going into pre-teen and teenage years" and that the mother "is a fit and proper person for the primary care, custody and control of the minor children." The father filed a response to the mother's petition in which he alleged that "there has not been any material change in circumstances such as to rise to the level of transferring custody of the children to the [mother]" and that "the *Page 793 
joint custody arrangement which was originally agreed to in the original Divorce Decree has worked well and has allowed both parties to be actively involved in parenting the children"; however, the father also contended that if a material change in circumstances had occurred, he should be awarded sole custody "as he is the more fit and proper person to exercise the primary care, custody and control of the minor children."
The trial court held an ore tenus proceeding on the mother's petition on June 4, 2003. During the proceeding, the trial court asked whether either party contended that the custody-modification standard set forth in Ex parte McLendon,455 So.2d 863 (Ala. 1984), would not be the proper standard to apply "[i]f we have a joint custody situation where one party has more time than the other." The trial court then said that it was its understanding "that if there is a party who has more time with the children, physical custody time with the . . . children . . . that would then effectuate [sic] the McLendon
[s]tandard rather than [the] best interest" standard; the trial court then directed counsel for the parties to provide case references if they disagreed with its view regarding the proper standard to be applied. At the close of the proceeding, counsel for the mother argued that the "custody arrangement in this particular case is so close that" the McLendon standard should not be applied. In response, the trial court repeated its view that it believed that the McLendon standard applied to the mother's petition, and it quoted the following text from a treatise concerning Alabama family law:
 "[W]here there has been a previous judicial determination placing primary physical custody with one parent, the party moving to modify must meet the McLendon test. This is true where the decree specifically directs joint legal custody and places primary physical custody with one parent. Further, this may also apply in situations where, despite the absence of specific language establishing primary physical custody, the living arrangements are such as to establish it in substance."
Rick Fernambucq Gary Pate, Family Law in Alabama: Practice andProcedure § 10.02 (3d ed. 2002) (footnotes omitted).
After the ore tenus proceeding had concluded, the mother filed a memorandum brief in which she argued that the parties' agreement incorporated into the trial court's divorce judgment, although providing the father with "slightly more physical custody time than" the mother, had intended to confer "true joint custody of the minor children" and that the "best interests" standard set forth in Ex parte Couch, 521 So.2d 987 (Ala. 1988), was applicable to her petition. Among other things, the mother contended that the agreement incorporated into the divorce judgment mandated that the father pay child support to the mother, a fact she contended "evidenc[ed] the intentions of the parties to equalize all factors regarding the custody and support of their minor children." Despite the mother's contentions, however, the trial court entered a judgment on June 6, 2003, denying the mother's request for a modification of custody. Although the trial court stated in its judgment that both parties were "caring and loving parents" and were both "fit and proper parents," it concluded that the McLendon standard applied to the mother's petition because, it said, the parties' agreement that had been incorporated into the divorce judgment "preferr[ed the father] as the primary residential parent . . . in that he has the children for approximately 50 more days each year than does the [mother]." The trial court determined that the mother's evidence *Page 794 
did not "satisfy the heavy burden established in McLendon."
The mother appeals from the trial court's June 6, 2003, judgment. She contends that the trial court erred in concluding that the parties' divorce judgment preferred the father as a custodian and in applying the McLendon standard to her petition based upon that conclusion; she further contends that the trial court should have modified the custody provisions of the divorce judgment even if the McLendon standard was applicable to her petition. The father contends that the trial court properly applied the McLendon standard and properly denied the mother's petition.
Although a trial court's judgment that is based on that court's findings of fact in a child-custody-modification case will not be reversed absent a showing that the findings are plainly and palpably wrong, the ore tenus rule has no application to the mother's contention regarding the inapplicability of theMcLendon standard because the question raised "is not based on a finding of fact; rather it is one of law — whether the correct burden of proof was imposed by the trial court." Daniel v.Daniel, 842 So.2d 20, 21 (Ala.Civ.App. 2002). In Scholl v.Parsons, 655 So.2d 1060 (Ala.Civ.App. 1995), we briefly summarized the two burdens of proof generally applicable in cases involving child-custody disputes between parents:
 "Where the parties agree to joint legal custody and shared physical custody of the children without a judicial determination preferring either parent, `custody [is] appropriately determined by the trial court according to what [is] in the "best interest" of the children.' Ex parte Couch, 521 So.2d 987, 989 (Ala. 1988). However, where the parents have joint legal custody, but a previous judicial determination grants primary custody to one parent and secondary custody to the other, `the trial court [is] correct in applying the McLendon standard and requiring the [parent] to show that a change in custody would materially promote the welfare and best interests of the child, offsetting the disruptive effect of uprooting the child.' Blackmon v. Scott, 622 So.2d 393, 394 (Ala.Civ.App. 1993)."
655 So.2d at 1062.[1] Of the standards set forth in Couch
and McLendon, the burden of proving "material promotion" of the children's welfare set out in McLendon is generally described as being the heavier of the two. See, e.g., Garrison v.Garrison, 557 So.2d 1277, 1279 (Ala.Civ.App. 1990).
That distinction between the two burdens is crucial to our review. In appeals from a judgment denying a custody petition where the Couch standard was applied, but where the McLendon
standard should have been applied, and in appeals from a judgmentgranting a custody petition where the McLendon standard was applied, but where the Couch standard should have been applied, we have affirmed the judgments under review, concluding that the trial courts' errors were harmless. See Lawley v. Byrd,689 So.2d 191 (Ala.Civ.App. 1997), and I.M. v. J.P.F.,668 So.2d 843 (Ala.Civ.App. 1995). However, where trial courts have denied custody petitions after applying the more stringent McLendon
standard where the less stringent Couch standard should have been applied, we have reversed those judgments and remanded the cases for those trial courts to apply the Couch standard. SeeDavis v. Davis, 753 So.2d 513, 514 *Page 795 
(Ala.Civ.App. 1999). Thus, as noted in the main opinion in Ex parteW.T.M., 851 So.2d 55 (Ala.Civ.App. 2002), "when the trial court uses an improper, higher standard to deny relief to a party requesting a modification of a prior custody order, the appellate court will not review the evidence under the correct lower standard and direct the award of custody," but will reverse the judgment and remand the cause "for the trial court to make a custody determination, applying the correct standard." 851 So.2d at 57-58.
In this case, we conclude that the trial court incorrectly required the mother to fulfill the requirements of McLendon in order to prove her entitlement to a modification of the custody provisions of the divorce judgment. The divorce judgment does not expressly "prefer" either parent by providing that one parent will be the primary physical custodian or the primary residential parent, or will otherwise have custodial priority. CompareBerrey v. Berrey, 622 So.2d 1316 (Ala.Civ.App. 1993) (judgment directing that mother would provide "primary residence" triggered application of McLendon standard in modification proceeding). Instead, the divorce judgment incorporated the parties' agreement that the mother and the father will share "joint custody and control of the parties' minor children," with each party allocated a weekly period of physical custody lasting no fewer than two days. Indeed, under the divorce judgment's provision for alternating periods of physical custody, the mother was afforded six full days of physical custody out of every two-week period, excluding holiday periods. Such a balance of physical-custody rights exceeds the nine-month and three-month residential allocations in the judgments sought to be modified in Hovater v.Hovater, 577 So.2d 461 (Ala.Civ.App. 1990), and Reuter v.Neese, 586 So.2d 232 (Ala.Civ.App. 1991), respectively; in both of those cases, we concluded that the Couch standard, not theMcLendon standard, was applicable to modification proceedings because neither parent had been favored in the original custody determination. See also C.M.L. v. L.S.M., 680 So.2d 375
(Ala.Civ.App. 1996) (opinion of Crawley, J., with three judges concurring in the result and one judge dissenting).
The father contends that the divorce judgment "preferred" him, citing Skinner v. Hargett, 494 So.2d 652 (Ala.Civ.App. 1986); however, that opinion does not mandate an affirmance in this case. In Skinner, the trial court, applying the McLendon
standard to a mother's modification petition, modified a judgment awarding custody of a child to the father for nine months and to the mother for three months each year so as to vest custody solely in the child's mother. Although we affirmed the trial court's judgment modifying custody, we did not state in Skinner
that the father had been "preferred" as a custodian or that theMcLendon standard was applicable; rather, we affirmed the judgment modifying custody based on the ore tenus rule, stating that "we cannot say that the trial court erred in placing [the child] in the custody of her mother." 494 So.2d at 653. Moreover, in light of our later decisions in Hovater and Reuter, it is clear that the trial court in Skinner need not have applied theMcLendon standard to the mother's modification petition; however, any error in doing so was harmless error because the mother necessarily met the "best interests" standard. See I.M., 668 So.2d at 845 ("We note that the trial court applied theMcLendon standard here rather than the `best interest' standard, but because the McLendon standard is more stringent, the trial court's error in that regard is harmless."). *Page 796 
We hold, under the facts of this case, that a mere allocation to one parent of approximately 50 more days with his or her children each year than the other parent does not, in and of itself, amount to a custodial "preference" so as to warrant the application of the McLendon standard in proceedings to modify the parties' rights to custody. Our conclusion that the trial court improperly applied McLendon's heavier burden in a custody-modification proceeding where Couch supplied the proper burden of proof necessitates our reversal of the trial court's judgment and our remand of the cause; moreover, it renders moot the mother's alternative contention that the trial court's judgment was erroneous even if the McLendon standard were properly applicable to her petition to modify. On remand, the trial court will be free to consider whether a change in custody, or some other alternative relief, is in the best interests of the children.
REVERSED AND REMANDED.
CRAWLEY and THOMPSON, JJ., concur.
YATES, P.J., and MURDOCK, J., concur in the result, without writing.
[1] We note that the McLendon standard also applies to a parent's custody petition where that parent has voluntarily forfeited custody to another person. A.L. v. S.J.,827 So.2d 828, 834 (Ala.Civ.App. 2002).