PITTMAN, Judge.
Stacy Darlene McCain (“the mother”) and Stacy Bryan McCain (“the father”) were divorced in 1999; two children were born of the parties’ marriage. The divorce judgment incorporated the parties’ agreement, under which the mother was to assume primary physical custody of the children with the father being allowed visitation with the children.
*363 On November 14, 2000, the father petitioned to modify custody of the children, averring that there had been a material change in circumstances since the parties’ divorce; the father alleged that the children were with him 50% of the time, that both children supported his custody-modification petition, and that the children desired that he be awarded primary physical custody and that the mother be awarded visitation. On November 29, 2000, the mother filed an answer to the father’s custody-modification petition and a counterclaim contending that she was the fit and proper person to have primary care and control of the parties’ children. On April 2, 2003, following an ore tenus proceeding, the trial court entered a judgment transferring primary physical custody of the children from the mother to the father, prompting the mother’s appeal to this court.
The mother contends that the father failed to meet the burden of proof set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984). She contends that there was insufficient evidence indicating that a change in circumstances existed such that the children’s best interests would be materially promoted by a change in custody and that the father failed to show that the benefits of such a change would outweigh the disruption of the status quo. In her brief on appeal, the mother asserts that the trial court made no reference in its judgment to the child-custody-modification standard it applied and that it failed to rely on the appropriate evidentiary factors required under Ex parte McLendon.
In a child-custody-modification case where a noncustodial parent seeks to modify a judgment granting custody to the other parent, the noncustodial parent must show that the change in custody will materially promote the child’s best interest and welfare. Id. The noncustodial parent must also prove that the positive good brought about by the proposed change in custody would more than offset the inherently disruptive effect caused by uprooting the child. Butts v. Startley, 600 So.2d 310 (Ala.Civ.App.1992). A trial court’s decision in a child-custody proceeding is presumed correct; however, that decision may be reversed on appeal if it amounts to an abuse of discretion or is unsupported by the evidence so as to be plainly and palpably wrong. West v. Rambo, 786 So.2d 1138 (Ala.Civ.App.2000). Furthermore, when the standard applied by the trial court in reaching its custody determination is improper, that judgment is due to be reversed and the cause remanded unless the error is harmless. See Rehfeld v. Roth, 885 So.2d 791 (Ala.Civ.App.2004).
In the judgment granting the father’s custody-modification petition, the trial court stated:
“1. Both parents are fit custodians and have a good relationship with the subject children.
“2. The children appear to be bright, well adjusted, well cared for and mature for their years. Although they expressed unequivocal affection and trust for both parents, they were both clear in their stated preference to live primarily with their father and to visit with their mother on a regular basis.
“3. Although the children’s preferences are not [controlling when there is] a custody question, such preferences may tip the scales where, as in this case, the parents are equally fit and the children are intelligent and relatively mature. Based upon the findings of fact herein, the [c]ourt finds that the parents of the subject children will have joint custody, but the father Stacy Bryan McCain will have primary physical custody.”
The trial court made no reference in its comments during the proceeding as *364 to the child-custody-modification standard it would apply in making its custody determination. However, it appears from the trial court’s judgment that that court applied the “best interests” standard, which is properly applicable only in a case in which no previous judgment favoring one parent has been entered or in a case in which a parent’s custody rights have not been voluntarily forfeited. See generally Ex parte Couch, 521 So.2d 987, 989 (Ala.1988). Because the trial court appears to have applied too lenient a standard to the father’s custody-modification petition, that court’s judgment must be reversed. The cause is remanded for the trial court to consider the evidence in light of the standard set out in Ex parte McLendon, supra. Rehfeld, 885 So.2d at 793.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY and THOMPSON, JJ., concur.
MURDOCK, J., concurs in the result, without writing.