Although I concur in the main opinion, I write specially to note that § 30-3-169.4, Ala. Code 1975, does not mandate reversal, as the father asserts on appeal. That section provides, in pertinent part:
 "[T]here shall be a rebuttable presumption that a change of principal residence of a child is not in the best interest of the child. The party seeking a change of principal residence of a child shall have the initial burden of proof on the issue. If that burden of proof is met, the burden of proof shifts to the non-relocating party."
(Emphasis added.)
Under Alabama law, a "best interests" standard applies to judicial custody determinations where neither of a child's parents has lawfully obtained primary physical custody of that child via a judgment or a voluntary forfeiture. See generally Exparte Couch, 521 So.2d 987 (Ala. 1988). Thus, the Legislature's adoption of a statute mandating application of a rebuttable presumption that relocation of a child's principal residence is not in the child's best *Page 961 
interest would have a direct impact in custody disputes governed by the Couch best-interests standard. However, in situations where one parent does have primary physical custody, our Supreme Court has held that the other parent, in order to obtain a change in custody, must show that the proposed custody change will materially promote the child's best interests and that the benefits of the proposed change will offset the inherently disruptive effect caused by the change of custody. See Ex parteMcLendon, 455 So.2d 863 (Ala. 1984); see also Ex parte Monroe,727 So.2d 104 (Ala. 1999) (applying McLendon in a situation involving relocation of primary custodial parent), and Rehfeldv. Roth, 885 So.2d 791 (Ala.Civ.App. 2004) (discussing theCouch and McLendon standards and outlining situations when an appellate court must reverse a trial court's custody judgment on the basis that an incorrect standard was applied). As the Supreme Court noted in McLendon, even though "the best interests of the child are paramount" in custody disputes in general, whether a custody change would or would not be in the best interests of a particular child "is not the standard to be applied" in cases where one parent already has a primary right of custody.455 So.2d at 866.
The main opinion correctly discusses the McLendon standard and properly concludes that our Legislature's adoption of the Act did not abrogate the noncustodial parent's burden of meeting that higher standard in custody-modification cases. In this case, based on the evidence presented, the trial court determined that the father had not shown that a change in custody would materially promote the child's best interests and had not shown that the benefits from the proposed custody change would offset the inherently disruptive effect caused by the change, which is the proper inquiry under McLendon. Because I believe that the trial court properly applied both the Act and existing caselaw to the facts in this case, I concur in the main opinion.