This is an appeal from a judgment denying the relief requested in a complaint to modify custody. Spring Beck Fotheringham Richardson ("the mother") and Mathew Jason Fotheringham ("the father") were married and had two children together. On January 13, 2004, the father sued the mother for a divorce. The mother subsequently moved to Utah. The trial court granted the divorce on June 17, 2004, and it incorporated into its judgment an agreement of the parties. The terms of the agreement awarded the parties "joint custody" of the children and awarded the father "primary physical custody." The mother married a first lieutenant in the United States Army shortly thereafter. The mother then moved back to Alabama, and on August 25, 2004, the mother filed a complaint to modify the judgment of divorce. In December 2004, the trial court granted the mother's modification request and incorporated portions of another agreement of the parties into its order of modification that awarded the mother and the father "joint custody" of the children. The Army then stationed the mother's current husband in Hawaii. On March 29, 2005, the mother again sought a modification of the judgment of divorce. The mother requested that she be awarded primary physical custody of the children and that she be allowed to relocate to Hawaii with the other children. After an *Page 341 
ore tenus proceeding on July 19, 2005, the trial court denied the mother's request, stating that she had failed to meet the standard set out in Ex parte McLendon,455 So.2d 863 (Ala. 1984), and ordering that "the care, custody and control of the minor children of the parties . . . shall remain in compliance with the Final Judgment of Divorce dated June 17, 2004 and the modification dated December 6, 2004 withthe [father] being primary custodian" (emphasis added). The mother filed a timely appeal to this court.
On appeal, the mother contends that the trial court erred by applying the standard set out in Ex parte McLendon, supra, to her March 29, 2005, complaint to modify custody because, she says, she and the father had jointcustody of the children. However, the father contends that the trial court did not err in applying the McLendon
standard, because, he says, he still had primary physical custody of the children. He contends that, although the December 2004 order incorporated portions of a modification agreement that stated that the mother and the father had joint custody of the children, the eighth provision in that agreement declared that all other provisions of the divorce judgment, including the portion of the divorce judgment that awarded him primary physical custody, remained unchanged and in full force and effect.
The divorce judgment and the modification order incorporated agreements of the parties that addressed the issues of custody and visitation. The agreement incorporated into the divorce judgment provided, in pertinent part:
 "II. CUSTODY AND VISITATION RIGHTS
 "The care, custody of the minor children of the parties, . . . are awarded jointly to the [father] and the [mother] with the [father] having primary physical custody."
(Emphasis added.)
The trial court's divorce judgment awarded the parties "joint custody," yet it awarded the father "primary physical custody." "These terms have been commonly employed by the bench and bar; however, in light of the definitions of the types of custody set out in the joint-custody statute, those older terms are unclear and . . . serve only to confuse the issue of custody." Harris v. Harris, 775 So.2d 213, 214
(Ala.Civ.App. 1999). Using the proper terms set out in the joint-custody statute, § 30-3-151, Ala. Code 1975, the divorce judgment can be construed only one way — that is, it awards the father sole physical custody and the mother and the father joint legal custody. See Harris,775 So.2d at 214.
The agreement incorporated into the modification order provided, in pertinent part:
 "SECOND: Section II, entitled CUSTODY AND VISITATION RIGHTS, is hereby modified and shall read as follows:
 "Parties are hereby awarded Joint Custody of the minor children of the parties, namely [M.F.], whose date of birth is . . . 1996 and [E.F.], whose date of birth is . . . 1998, with the following monthly visitation schedule.
 "[The mother] shall have custody of the minor children of the parties every other week, beginning Monday after school (3:00 p.m.) until Sunday 6:00 p.m.
 "[The father] shall have custody of the minor children every other week beginning Monday at 6:00 p.m. until Sunday 6:00 p.m. During these weeks, [the mother] shall have the children from 3:00 p.m. until 6:00 p.m. Monday through Friday. *Page 342 
 "Parties have agreed that during the weeks where [the father] shall have custody, [the mother] will drop children off at Valleydale Baptist Church at six (6:00 p.m.) Monday through Friday. Parties have agreed that Children will participate in basketball practice and cheerleading practice, which take place at Valleydale Baptist Church on Mondays and Thursdays from 6:00 p.m. until 6:45 p.m. Parties have agreed that every reasonable effort will be made for the children to participate in sporting activities, which will be on Saturdays beginning in January 2005.
 "Said visitation shall begin week of 11/15/04 with the [father's] above indicated schedule. Parties have agreed that the [mother] shall have custody of the children the weekend of 11/12/04.
 "Parties have agreed to remain in close proximity (Shelby County Area) for residential purposes.
 "At such other times as agreed upon by parties.
 ". . . .
 "EIGHTH: All other provisions of the Final Judgment of Divorce, Ordered on the 17th day of June, 2004, approving and ratifying an Agreement entered into by the parties on the 8th day of June 2004 shall remain unchanged, unaltered and in full force and effect."
(Emphasis added.)
"Where a trial court receives ore tenus evidence, its judgment based on that evidence is entitled to a presumption of correctness on appeal and will not be reversed absent a showing that the trial court abused its discretion or that the judgment is so unsupported by the evidence as to be plainly and palpably wrong." M.S.H. v. C.A.E., 829 So.2d 164, 166
(Ala.Civ.App. 2002).
A divorce agreement is considered unambiguous if only one reasonable meaning can be given to the words of the agreement.Vainrib v. Downey, 565 So.2d 647, 648
(Ala.Civ.App. 1990). "`[W]hen [an agreement], by its terms, is plain and free from ambiguity, it must be enforced as written.'" Jones v. Jones, 722 So.2d 768, 769
(Ala.Civ.App. 1998) (quoting American Standard, Inc. v.Goodman Equip. Co., 578 So.2d 1083, 1085 (Ala. 1991)).
Section 30-3-151, Ala. Code 1975, defines joint custody as "[j]oint legal custody and joint physical custody." Only one reasonable meaning can be given to the section of the December 2004 modification order, which stated in pertinent part:
 "SECOND: Section II, entitled CUSTODY AND VISITATION RIGHTS, is hereby modified and shall read as follows:
 "Parties are hereby awarded Joint Custody of the minor children of the parties. . . ."
(Emphasis added.) This section in the parties' agreement incorporated into the modification order clearly replaced in its entirety section II of the parties' agreement incorporated into the divorce judgment and awarded the parents jointcustody of the children despite the father's contention otherwise.
"Because the parties had joint custody, this case is governed by Ex parte Couch, 521 So.2d 987 (Ala. 1988), which held that the best-interest standard applies to the modification of an existing joint-custody arrangement."Nave v. Nave, 942 So.2d 372, 376 (Ala.Civ.App. 2005).
"[W]here a trial court bases its custody determination on an improper custody-modification standard, that judgment is due to be reversed." Spears v. Wheeler, 877 So.2d 607, 608
(Ala.Civ.App. 2003). In *Page 343 Ex parte W.T.M., 851 So.2d 55, 57-58
(Ala.Civ.App. 2002), the main opinion stated:
 "The rule [established in] Ex parte Perkins[, 646 So.2d 46 (Ala. 1994),] is that when the trial court uses an improper, higher standard to deny relief to a party requesting a modification of a prior custody order, the appellate court will not review the evidence under the correct lower standard and direct the award of custody. Instead, the appellate [court] reverses the judgment and remands the cause for the trial court to make a custody determination, applying the correct standard."
Based on the foregoing, we find that, in this custody-modification proceeding, the trial court improperly applied the heavier burden of McLendon whenCouch supplied the proper burden of proof. SeeRehfeld v. Roth, 885 So.2d 791, 796 (Ala.Civ.App. 2004). Therefore, we reverse the judgment of the trial court and remand this case for proceedings consistent with this opinion.
The mother's request for an attorney fee on appeal is denied.
REVERSED AND REMANDED.
THOMPSON and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, with writing, which PITTMAN, J., joins.