Opinion filed October 11, 2007












 
 
  
 
 







 
 
  
 
 




Opinion filed October 11,
2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00392-CV 

                                                    __________

 

                               KENNETH DWAYNE HART, Appellant

 

                                                             V.

 

                           CATHERINE
CHRISTINE KOZIK, Appellee

 



 

                                         On
Appeal from the 244th District Court

 

                                                           Ector County , Texas

 

                                                Trial
Court Cause No. C-110,432

 



 

                                                                   O
P I N I O N

 

Kenneth
Dwayne Hart filed a motion to modify the parent-child relationship.  Catherine
Christine Kozik responded and asked the trial court to decline jurisdiction
because Ector County was an inconvenient forum.  The trial court found that Ector County was an inconvenient forum and that Baldwin County, Alabama, was a more
appropriate forum and declined to exercise jurisdiction over Hart=s motion to modify.  We
affirm.








                                                              I.
Background Facts

Hart
and Kozik were divorced in Harris County, Texas, in 1996.  Kozik was given the
sole and exclusive right to determine the residence of their two children.  In
2000, Kozik filed a motion to modify Hart=s
child support obligations.  At that time, she and the children lived in Alabama, and Hart lived in Midland County.  Even though he lived in Midland County, Hart filed a motion to transfer venue to Ector County.  The case was transferred, and
Hart=s child support
obligations and periods of visitation were modified.

In
2005, Hart filed a motion to modify conservatorship.  Hart was now a resident
of League City, Texas.  Kozik and the children resided in Foley, Alabama.  Kozik asked the trial court to decline to exercise jurisdiction over Hart=s motion pursuant to Tex. Fam. Code Ann. ' 152.207 (Vernon 2002). 
The trial court held a hearing and found that the children had resided in
Florida from May 1996 to March 2000 and had resided in Alabama from March 2000
to the present; had never resided in Ector County, Texas; had never traveled to
or visited Ector County, Texas, prior to August 1, 2005; had attended the same
school and educational institution in the State of Alabama since 2000; and had
never attended any school or educational institution in the State of Texas. 
Finally, the trial court found that Hart had not resided in Ector County since the summer of 2000.  The trial court granted Kozik=s request and declined to exercise
jurisdiction over the motion to modify in favor of an Alabama court.

                                               II. Issues

Hart
challenges the trial court=s
decision with three issues.  Hart contends that the trial court abused its
discretion when it declined to exercise jurisdiction because it failed to take
into account the children=s
best interest, that the trial court=s
findings of fact are against the great weight and preponderance of the
evidence, and that the trial court abused its discretion when it stayed rather
than dismissed his modification action.  

                                                                   III.
Discussion

A.  Did the
Trial Court Abuse Its Discretion by Not Taking into Account the Children=s Best Interest?  

 








Hart
argues initially that the trial court abused its discretion by disregarding his
and his children=s due
process rights because the trial court=s
findings of fact do not explain why its decision to decline to exercise
jurisdiction was in the children=s
best interest.  Kozik responds that the children=s
best interest is not a consideration when deciding whether to exercise
jurisdiction.  We agree.  The trial court was not resolving ultimate issues,
which would require determination of the children=s
best interest.  Instead, the trial court was concerned with the threshold
question of where the ultimate issues would be addressed.  

A
trial court abuses its discretion when it acts in an unreasonable or arbitrary
manner or when it acts without reference to any guiding principle.  Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).  We may
not reverse for abuse of discretion merely because we disagree with the trial
court=s decision.  Id. at 242.   Similarly, because the trial court was the fact finder and was the
sole judge of the credibility of the witnesses and the weight to be given their
testimony, we must defer to its credibility analysis.  See City of Keller v. Wilson, 168 S.W.3d 802, 819 (Tex. 2005). 

Hart
correctly notes that the children=s
best interest is always the primary consideration in custody disputes.  This,
however, is the primary consideration when Adetermining
the issues of conservatorship and possession of and access to the child.@  Tex. Fam. Code Ann. '
153.002 (Vernon 2002) (emphasis added). When interstate jurisdictional issues
are present, a trial court must first decide which state is best positioned to
evaluate the child=s
best interest.

Texas adopted the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA),
effective September 1, 1999.  Tex. Fam.
Code Ann. ''
152.201B.317 (Vernon
2002 & Supp. 2006).  The UCCJEA=s
overarching purposes are to prevent conflicting jurisdiction, relitigation of
child custody issues, and deter child abduction.  Ruffier v. Ruffier,
190 S.W.3d 884, 889 (Tex. App.CEl
Paso 2006, no pet.).  The statute addresses these by limiting to one court the
authority to make custody determinations, even though multiple states might
have personal jurisdiction over the parties and a legitimate interest in the
parent-child relationship involved.








When,
as here, a Texas court makes a custody determination, it retains exclusive
continuing jurisdiction until it or another Texas court determines that Texas no longer has sufficient contact or that Texas is an inconvenient forum.[1] 
When determining if Texas is an inconvenient forum, the legislature has
instructed courts to consider:

(1) 
whether domestic violence has occurred and is likely to continue in the future
and which state could best protect the parties and the child;

 

(2) 
the length of time the child has resided outside this state;

 

(3) 
the distance between the court in this state and the court in the state that
would assume jurisdiction;

 

(4) 
the relative financial circumstances of the parties;

 

(5) 
any agreement of the parties as to which state should assume jurisdiction;

 

(6) 
the nature and location of the evidence required to resolve the pending
litigation, including testimony of the child;

 

(7) 
the ability of the court of each state to decide the issue expeditiously and
the procedures necessary to present the evidence; and

 

(8) 
the familiarity of the court of each state with the facts and issues in the
pending litigation.

 

Section
152.207(b).  Unlike actual determinations of conservatorship, possession, and
access,[2] the
legislature did not direct trial courts to specifically consider the child=s best interest when
determining jurisdiction.  However, many of the statute=s factors will implicate the child=s best interest; and by
providing a jurisdictional scheme that attempts to lessen the opportunity for
abuse of process, the legislature has not ignored it.  








Hart
advances several arguments premised upon his and his children=s due process rights, and
he suggests that those rights were violated.  However, he did not argue below
and does not contend now that Section 152.207 is unconstitutional.  Nor does he
offer any other reason why the statute is unenforceable.  The legislature did
not require trial courts to make an express determination that declining to
exercise jurisdiction was in the child=s
best interest.  Consequently, we could not find that the trial court abused its
discretion if it had declined to do so.

The
trial court did, however, prepare findings of fact[3]
and found:

Substantial,
compelling and credible evidence establishes that the Findings, Conclusions and
Orders of the 244th Judicial District Court of Ector County, Texas and
referenced herein are in the best interest of the CHILDREN.

 

Hart criticizes
this finding, contending that the trial court neglected to explain how its
decision was in the children=s
best interest.  We disagree.  The trial court prepared very detailed and
comprehensive findings of fact.  Many of these directly address why its
decision was in the children=s
best interest.  For example, the trial court found:

$          A trial court in Baldwin County, Alabama, was substantially more convenient to the witnesses and the
children than an Ector County trial court;

 

$          The relevant
evidence is more accessible and available to a Baldwin County trial court than
an Ector County trial court;

 

$          Friends,
physicians, teachers, counselors, pastors, family members, day care personnel,
and others with significant contact to the children are primarily in, or close
to, Baldwin County;

 

$          Even though Alabama courts do not allow a child of appropriate age to file a conservatorship
preference, they can consider a child=s
testimony of preference; and

 

$          There was no
evidence that the rights and best interest of the children would not be
provided for by an Alabama court in an appropriate, fair, and prompt manner.

 

These findings
dispel any abuse of discretion because they make clear that the trial court=s decision was a reasoned
one and that it was based upon sound considerations.








Finally,
Hart argues that the trial court abused its discretion because it did not
consider the differences between Texas and Alabama law regarding consideration
of the children=s
preferences.[4] Under
constitutional principles of cooperative federalism, the states have considerable
latitude to govern litigation in their own courts.[5] 
Hart does not argue that Alabama=s
evidentiary procedures are unconstitutional, merely that the trial court was
required to consider the differences between Texas and Alabama evidentiary law
when determining the children=s
best interest.  Section 152.207(b) requires trial courts to consider the
ability of the courts of each state to decide the issues expeditiously, the
procedures necessary to present the evidence, and the familiarity of the courts
of each state with the facts and issues in the pending litigation.  The trial
court did so.  We cannot agree that it was required to do more.

The
states have attempted to facilitate the resolution of interstate child support
and custody issues with the UCCJEA.  There will always be some difference
between two states=
evidentiary rules and trial procedures B
if not in text then in application B
and experienced counsel can credibly argue that these differences will impact
the course or conduct of the litigation.  If that were sufficient to defeat the
application of Section 152.207, the UCCJEA would lose much of its
effectiveness.  This may explain why the legislature required trial courts to
undertake the broader inquiry of what procedures are necessary to present
evidence in a sister jurisdiction and, thus, verify their ability to
expeditiously decide the issues, but did not instruct trial courts to retain
jurisdiction if there are differences between the two states= rules of evidence or
procedure.








But
even if we are incorrect, the trial court found that Alabama courts can
consider a child=s
preference.  Their procedure for expressing a preference differs from our own,
but we discern no difference between the ability of Alabama and Texas courts to consider a child=s
preference.  Texas allows a child twelve years of age or older to file a
written conservatorship preference.  Tex.
Fam. Code Ann. '
153.008 (Vernon Supp. 2006).  The child=s
preference is not binding but is simply a factor among many others that may be
considered when determining the child=s
best interest.   See In re Marriage of Stockett, 570 S.W.2d 151, 153
(Tex. Civ. App.CAmarillo
1978, no writ). Alabama statutes provide that, when considering a possible
change of custody, Aa
court shall take into account all factors affecting the child, including, but
not limited to, . . . [t]he preference of the child, taking into consideration
the age and maturity of the child.@ 
Ala. Code ' 30-3-169.3(a)(6) (2007).

Hart
argues that in practice the children=s
preference is not a significant factor in Alabama, citing Ex parte McClendon,
455 So.2d 863 (Ala. 1984), and Rehfeld v. Roth, 885 So.2d 791 (Ala. Civ.
App. 2004).  McClendon involved a six-year-old child.  Section 153.008 does
not apply until the child reaches the age of twelve.  The trial court has the
discretion to interview a younger child but is not required to do so.  See
Tex. Fam. Code Ann. ' 153.009 (Vernon Supp.
2006).  Thus, we do not believe McClendon is instructive.[6] 
Hart next cites Rehfeld for the proposition that, if a court considers a
child=s preference,
its holding is vulnerable on appeal.  The Rehfeld opinion, however,
contains no indication that the children expressed or attempted to express any
preference or that either party asked the trial court to consider the children=s preferences.  During oral
argument, Hart contended that the absence of any reference to the children=s preference was revealing. 
We cannot assume that the children had a preference.  It is equally plausible
that they had no wish to take sides between their parents.  Consequently, we
cannot conclude that this opinion exposes any appreciable difference between Texas and Alabama law and, therefore, find that the trial court correctly construed Alabama law.

The
trial court did not abuse its discretion when it declined to exercise
jurisdiction.  Hart=s
first issue is overruled.

B. 
Are the Trial Court=s
Findings of Fact Based Upon Sufficient Evidence?








Hart
argues that the trial court=s
findings of fact are against the great weight and preponderance of the
evidence.  We review the trial court=s
findings of fact for an abuse of discretion.  See Grayson v. Grayson,
103 S.W.3d 559, 561 (Tex. App.CSan
Antonio 2003, no pet.).  Under an abuse of discretion standard, challenges to
the legal and factual sufficiency of the evidence are not independent grounds
of error; rather, they are simply factors in assessing whether the trial court
abused its discretion.  London v. London, 192 S.W.3d 6, 14 (Tex. App.CHouston [14th Dist.] 2005,
pet. denied).  When an appellant challenges the sufficiency of the evidence, we
engage in a two-prong analysis: (1) whether the trial court had sufficient
information upon which to exercise its discretion and (2) whether the trial
court erred in its application of discretion.  Sotelo v. Gonzales, 170
S.W.3d 783, 787 (Tex. App.CEl
Paso 2005, no pet.); see also In re Gonzalez, 993 S.W.2d 147, 155 (Tex.
App.CSan Antonio 1999,
no pet.) (holding abuse of discretion does not occur as long as some evidence
of substantive and probative character exists to support trial court=s decision).

Hart
specifically challenges the trial court=s
following findings:

 

23.       [The]
evidence is more accessible and readily available either in or within close
proximity to Baldwin County, Alabama. . . . Friends, physicians, teachers,
counselors, pastors, various family members and relatives, day care person[nel]
and other individuals who have cared for, educated, protected, trained and
maintained significant contact and certain relationships with the CHILDREN
since May, 1996, and who may continue to do so in the future, are primarily
located and reside either in or within close proximity to Baldwin County,
Alabama. . . .

 

24.       Irrespective
of the questionable jurisdictional agreement submitted by the parties and
recited in the January 2, 2002 Agreed Modification Order, it is undisputed that
the parties now vigorously contest and disagree as to the proper forum and
jurisdiction for the adjudication and determination of this child custody
proceeding. . . .

 

25.       Although
the courts of Alabama may not permit a child of appropriate age to file and
submit a formal written conservatorship preference and request, as a factor in
its conservatorship determination, Alabama jurisprudence indicates that a trial
court of Baldwin County, Alabama and/or a similarly situated court of competent
and appropriate jurisdiction in the State of Alabama can consider in a child
custody proceeding the testimony and/or preference(s) of the CHILDREN regarding
conservatorship, if said evidence is presented to that court. . . .

 

26.       There
is no evidence before this Court that a trial court of Baldwin County, Alabama
and/or a similarly situated court of competent and appropriate jurisdiction in
the State of Alabama cannot and/or would not adequately, fairly, properly
and/or expeditiously address, consider, comprehend, adjudicate and/or determine
all issues and disputes relevant to this child custody determination and
proceeding involving the CHILDREN.

 








Hart challenges
Finding No. 24 by essentially arguing that Kozik waived the right to contest
jurisdiction when she did not challenge the 2000 transfer of venue to Ector County.  Section 152.207(b)(5) provides that the presence of a jurisdictional
agreement is one of several factors that the court may consider.  The statute
does not make a jurisdictional agreement binding upon the court or irrevocable
by the parties.  This litigation is sufficient proof that, if there was an
agreement, it no longer holds.  The trial court could have also reasonably
concluded that any agreement allowing Texas courts to enter agreed orders
modifying Hart=s
visitation rights and support obligations did not extend to contested
modifications of the custody decree.  The trial court did not abuse its
discretion with Finding No. 24.

Hart
challenges the trial court=s
findings concerning the children=s
contacts with Alabama contending that most of the witnesses, relatives, and
documentary evidence are actually in Florida.  Kozik and the children have
lived in or near Baldwin County, Alabama, since May 1996.  The oldest child
attends a private school in Pensacola, Florida; Kozik works in Pensacola; the
children have received medical care in Pensacola; and they have family in and
near Pensacola.  The presence of evidence and witnesses in Florida is a
relevant concern, but because Kozik lives near the Alabama-Florida state line,
the witnesses and evidence are still in close proximity.  For example, the Pensacola school is only thirty minutes from Kozik=s
home.  Conversely, it is over 1,000 miles from Baldwin County, Alabama, to Ector County.  The trial court did not abuse its discretion by finding that
the evidence and witnesses are more accessible and readily available in or
within close proximity to Baldwin County, Alabama.

Hart
challenges the trial court=s
findings that an Alabama court can consider the children=s preference, contending that there is no
evidence that the children=s
preferences will be heard.  We have previously held that the trial court
properly found that Alabama courts can consider the children=s preference and that Alabama caselaw does not indicate a discernible difference between the two states= treatment of that
preference.

Hart
challenges the trial court=s
Finding No. 26 because the trial court did not make a specific finding
regarding the procedures necessary to present the evidence in Alabama and
because there was testimony that Alabama courts are not as receptive to the
wishes of children as Texas courts.  The evidence Hart points to is Kozik=s hearsay description of a
statement from an Alabama lawyer.  The trial court did not abuse its discretion
by considering Alabama=s
relevant statute and caselaw over that testimony.  We do not read
Section152.207(b)(7) to require detailed findings on a sister state=s evidentiary rules. 
Rather, the statute=s
intent is that trial courts verify a sister state court=s ability to resolve the dispute
expeditiously.  The trial court did so by analyzing the close proximity of a
substantial portion of the evidence to a Baldwin County court.  








The
trial court also relied upon the El Paso Court=s
holding in Dickerson v. Doyle, 170 S.W.3d 713, 718-20 (Tex. App.CEl Paso 2005, no pet.).  In
this case, the court affirmed a trial court=s
decision to decline to exercise jurisdiction over a paternity case in favor of
an Alabama trial court.  The court held that, because the litigants had not
tendered evidence of Alabama law, it was required to presume that Alabama law was identical to Texas law.  Id. at 719-20 n.8.  Hart brought Alabama=s law for considering the
children=s preference
to the trial court=s
attention.  No other law was tendered.  We must, therefore, presume that all
other law is identical.  

Hart
also challenges the trial court=s
finding that an Alabama court could resolve the issues expeditiously contending
that there was no evidence to support this finding.  The trial court did
consider this element when it considered the locations of the parties,
witnesses, and other evidence.  A Baldwin County, Alabama trial court will
clearly have better access to witnesses and documents located in Southeastern
Alabama and Northwestern Florida than will a West Texas court.  The record
contains no evidence describing the dockets of Baldwin County courts, but in
the absence of any evidence indicating their inability to expeditiously resolve
this dispute, the trial court did not abuse its discretion by making Finding
No. 26.

Hart
next challenges the trial court=s
conclusions of law because not all of Section 152.207(b)=s factors were weighed and because no legal
theory supports the trial court=s
conclusions.  Hart=s
initial premise is apparently that the trial court was required to make a fact
finding on each of the statute=s
eight factors and that the mere failure to do so is reversible error.  The
statute=s language
does not support such a construction.  The statute provides guidance to the
litigants and to trial courts by listing factors that might shape the
jurisdictional determination.  One of these is whether domestic violence has
occurred.  Hart points us to no evidence of domestic violence, or for that
matter, on any of the other factors he argues the trial court failed to
consider.  If no evidence of a particular factor is offered, we cannot say that
the trial court abused its discretion by failing to make a fact finding.  That
is particularly true when, as here, appellant fails to show this court what
finding would have been appropriate and how that finding would have led to a
different result.








Finally,
Hart has included within this issue a complaint that the trial court abused its
discretion by not granting his motion for new trial based upon newly discovered
evidence.[7]  The trial
court conducted an evidentiary hearing on the motion for new trial, and Hart
and Kozik both testified.  Their testimony cannot be fairly described as Anew evidence.@  It is cumulative of the
testimony offered at trial and consists entirely of matters that were known to
the parties at the time of trial. Furthermore, Hart=s own testimony supports the trial court=s exercise of discretion. 
Hart confirmed that Foley, Alabama, is closer to his home in League City than Odessa; that the children have no family in Ector County; and that, prior to this latest
round of litigation, they had not been in Ector County for five years.  The
trial court did not abuse its discretion by denying Hart=s motion for new trial.  Hart=s second issue is
overruled.

C. Did the
Trial Court Abuse Its Discretion by Staying Rather Than Dismissing the
Litigation?

 

The
trial court stayed all further proceedings in Texas conditioned upon the prompt
commencement of a child custody proceeding in Alabama.  Hart argues that by
staying B  rather than
dismissing B the
litigation, the trial court abused its discretion because this left the
litigation in limbo.  We disagree.  Section 152.207(c) specifically instructs
trial courts that, if they determine Texas is an inconvenient forum and a court
of another state is a more appropriate forum, they Ashall stay the proceedings upon condition that
a child custody proceeding be promptly commenced in another designated state.@

Hart
complains this resulted in the litigation being placed in limbo because Kozik
did not timely file a proceeding in Alabama.  Kozik, however, did not want to
modify the custody decree B
Hart did.  It was his responsibility, therefore, to initiate a proceeding in Alabama.  His failure to do so does not make the trial court=s
order an abuse of discretion.  Hart=s
third issue is overruled.

                                             IV. Holding

The
judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

October 11, 2007

Panel consists of: Wright, C.J., 

McCall, J., and Strange, J.









     [1]See Sections
152.202, 152.207.





     [2]Cf Section
153.002.





     [3]We note that the
trial court did so even though findings of fact were not timely requested.





     [4]The trial court did
find that Alabama law does not allow children to file a written preference but
that Alabama courts have the authority to consider a child=s testimony of preference.  Hart=s argument challenges the correctness of this finding.





     [5]See generally,
Franchise Tax Bd. of Cal. v. Hyatt, 538 U.S. 488, 497-99 (2003)
(recognizing a state=s authority to fulfill its own sovereign
responsibilities and the need to balance conflicting state interests and
affirming the Nevada Supreme Court=s
decision to apply Nevada sovereign immunity law to a claim asserted by a Nevada
resident against a California state agency in Nevada state court).





     [6]Furthermore, it
does not appear that the child=s preference was
at issue in McClendon.  Rather, the court was concerned with determining
the appropriate burden of proof when a parent attempts to modify a decree
awarding custody to the child=s grandparents.





     [7]The clerk=s record contains two copies of a motion for new trial
and for reconsideration, but no motion for new trial based upon newly
discovered evidence.  However, because the reporter=s record includes a transcript of the motion for new
trial hearing, we have exercised our discretion by considering this issue.