MOORE, Judge.
M.A.J. (“the father”) appeals from a judgment of the Bessemer Division of the Jefferson Juvenile Court (“the juvenile court”) denying his petition to modify custody of his child, J.P. (“the child”). We reverse.

Procedural History

The child was previously the subject of a 2006 dependency action in the juvenile court that was brought by S.B., the child’s maternal grandmother (“the maternal grandmother”). That action ultimately resulted in a November 28, 2007, judgment finding the child dependent and ordering that custody of the child would be “shared” by the father and the maternal grandmother and that they would “share times of physical custody.”[1]
On August 13, 2009, the father filed a petition to modify the November 28, 2007, judgment, which the father amended on June 18, 2010. After the maternal grandmother filed an answer to the amended petition, the juvenile court conducted a trial on the merits. On September 5, 2010, the juvenile court entered a judgment concluding that the father had failed to meet the standard for modification set out in Ex parte McLendon, 455 So.2d 863 (Ala.1984), and stated: “The care, custody and control of [the child] to remain with maternal grandmother.” The juvenile court awarded the father visitation as set out in a schedule attached to the judgment.

Discussion

Initially, we agree with the father that the juvenile court erred in modifying its prior judgment to award the maternal *1289 grandmother sole custody of the child.[2] As the father correctly points out, the maternal grandmother did not file a counterclaim seeking sole custody of the child or otherwise properly notify the father that she was seeking sole custody. The only pleadings in the case set out a dispute as to whether the father would gain sole custody of the child or whether the prior joint-custody arrangement would remain in place. The evidence adduced at trial was not such that it would have clearly alerted the father that the maternal grandmother was seeking a termination of the joint-custody arrangement and requesting sole custody of the child. See McCollum v. Reeves, 521 So.2d 13, 17 (Ala.1987) (“When a party contends that an issue was tried by express or implied consent and the evidence on that issue is also relevant to the issue expressly litigated, there is nothing to indicate that a new issue was raised at trial, and the pleadings are not deemed amended under Rule 15(b)[, Ala. R. Civ. P.].”). Because the father had no notice that he could lose joint custody of the child in the modification proceeding, the judgment awarding the maternal grandmother sole custody violated his due-process rights. See Thorne v. Thorne, 344 So.2d 165, 170-71 (Ala.Civ.App.1977).
The juvenile court further erred in applying the McLendon standard in adjudicating the petition filed by the father to modify the joint-custody arrangement set out in the November 28, 2007, judgment.
In Richardson v. Fotheringham, 950 So.2d 339 (Ala.Civ.App.2006), this court stated:
“ ‘Because the parties had joint custody, this case is governed by Ex parte Couch, 521 So.2d 987 (Ala.1988), which held that the best-interest standard applies to the modification of an existing joint-custody arrangement.’ Nave v. Nave, 942 So.2d 372, 376 (Ala.Civ.App.2005).
“ ‘[Wjhere a trial court bases its custody determination on an improper custody-modification standard, that judgment is due to be reversed.’ Spears v. Wheeler, 877 So.2d 607, 608 (Ala.Civ.App.2003). In Ex parte W.T.M., 851 So.2d 55, 57-58 (Ala.Civ.App.2002), the main opinion stated:
“ ‘The rule [established in] Ex parte Perkins[, 646 So.2d 46 (Ala.1994),] is that when the trial court uses an improper, higher standard to deny relief to a party requesting a modification of a prior custody order, the appellate court will not review the evidence under the correct lower standard and direct the award of custody. Instead, the appellate [court] reverses the judgment and remands the cause for the trial court to make a custody determination, applying the correct standard.’
“Based on the foregoing, we find that, in this custody-modification proceeding, the trial court improperly applied the heavier burden of [Ex parte ] McLendon[, 455 So.2d 863 (Ala.1984),] when Couch supplied the proper burden of proof. See Rehfeld v. Roth, 885 So.2d 791, 796 (Ala.Civ.App.2004). Therefore, *1290 we reverse the judgment of the trial court and remand this case for proceedings consistent with this opinion.”
950 So.2d at 342-48. See also Scarborough v. Scarborough, 54 So.3d 929, 938 (Ala.Civ.App.2010) (“Because the April 2007 custody order was a final judgment modifying custody of the child so that the parties had joint legal and physical custody, the custody-modification standard that applied to the mother’s request for a review of the April 2007 custody order was the best-interest-of-the-child standard.”); and Ex parte Blackstock, 47 So.3d 801, 804-05 (Ala.2009) (“Where, as in the present case, there is a prior judgment awarding joint physical custody, ‘ “the best interests of the child” ’ standard applies in any subsequent custody-modification proceeding.”).
The maternal grandmother argues that, despite the fact that the November 28, 2007, judgment did not award her sole physical custody of the child, the McLen-don standard applies because she actually exercised primary physical custody and the father only exercised every-other-weekend visitation. We note, however, that our supreme court has held that the best-interest standard applies even when a joint custodian allows the child to live primarily with the other joint custodian. Ex parte Couch, 521 So.2d 987, 989-90 (Ala.1988) (holding that father, who had allowed his child to live primarily with the child’s mother, did not give up his court-ordered right to joint physical custody of the child and, thus, that the best-interest standard applied to the mother’s custody-modification action).
The maternal grandmother further argues that Skinner v. Hargett, 494 So.2d 652 (Ala.Civ.App.1986), and Martin v. Payne, 739 So.2d 510 (Ala.Civ.App.1999), support her position that the McLendon standard applies. In Skinner, the parents were awarded joint custody of their child with the mother to exercise custody of the child for nine months out of the year and the father to exercise custody of the child for three months during the summer. Subsequently, upon the mother’s petition to modify, the trial court awarded the mother custody. On appeal, the father argued that the mother had failed to meet the McLendon standard, and this court affirmed the trial court’s judgment, stating: “[W]e cannot say that the trial court erred in placing [the child] in the custody of her mother.” 494 So.2d at 653. We note, however, that in Rehfeld v. Roth, 885 So.2d 791, 795 (Ala.Civ.App.2004), this court, in discussing this court’s holding in Skinner, noted: “[I]t is clear that the trial court in Skinner need not have applied the McLendon standard to the mother’s modification petition; however, any error in doing so was harmless error because the mother necessarily met the ‘best interests’ standard.” Thus, the maternal grandmother’s reliance on Skinner is misplaced. In Martin, this court reversed a judgment because of the trial court’s failure to apply the McLendon standard in a custody-modification action. In Martin, the judgment sought to be modified provided that “custody” would be joint, without specifying whether that term meant “legal custody” or “physical custody.” This court held:
“Although the judgment did not specifically provide that ‘primary physical custody1 of the child would be placed with the mother, the evidence adduced at trial, and the parties’ assertions in their briefs, showed that primary placement was with the mother, with the father having very liberal visitation privileges.”
739 So.2d at 510. In the present case, the juvenile court’s judgment stated that custody was to be “shared” between the father and the maternal grandmother. The juvenile court further specifically stated at the trial below that it intended by the *1291 language used in the November 28, 2007, judgment that the parties would share joint physical custody. See supra n. 1. Thus, this case is distinguishable from Martin and falls within the rule established in Couch.
Based on the foregoing, we conclude that the juvenile court “improperly applied the heavier burden of McLendon when Couch supplied the proper burden of proof.” Richardson, 950 So.2d at 348. Accordingly, we must reverse the judgment of the trial court and remand this cause for the juvenile court to “ ‘make a custody determination, applying the correct standard.’ ” Id. (quoting Ex parte W.T.M., 851 So.2d 55, 58 (Ala.Civ.App.2002)).
We reject the father’s argument that the “correct standard” would require the juvenile court to apply a presumption that he, as the natural father of the child, has a superior right to custody of the child in a contest against the maternal grandmother, a nonparent. See Ex parte Terry, 494 So.2d 628 (Ala.1986). As Alabama easelaw clearly holds, the Terry presumption dissolves upon a finding of dependency, see O.L.D. v. J.C., 769 So.2d 299, 302 (Ala.Civ.App.1999), and upon the entry of a judgment awarding custody to a nonpar-ent. See McLendon, 455 So.2d at 865. In this case, in a prior judgment, the juvenile court found the child dependent and awarded custody of the child partially to the maternal grandmother. Hence, in any subsequent proceeding to modify that judgment, the Terry presumption would not apply. On remand, the juvenile court should assess the evidence using the best-interest standard without indulging any presumption that the father should receive full custody of the child.

Conclusion

Based on the foregoing, we reverse the judgment of the juvenile court and remand this cause for the juvenile court to determine from the evidence whether it is in the best interests of the child that the joint-custody arrangement be modified.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, BRYAN, and THOMAS, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.

. The same judge that presided over the original dependency action presided over the father’s petition for modification. During the trial, the juvenile-court judge stated:
"And it was the intent of the Court that when it closed out whether it was worded appropriately or not that it was joint custody. It said shared ... custody. Physical custody was noted in the November 28, 2007, order.”

. In its judgment, the juvenile court stated: "The care, custody and control of [the child] to remain with maternal grandmother.” That language arguably evinces an intention to maintain the prior custody arrangement; however, the judgment further delineates the father’s visitation rights. Taken as a whole, the judgment indicates that the juvenile court intended to award the maternal grandmother sole custody of the child, subject to the father’s right to visitation. See § 30-3-151(5), Ala.Code 1975. Accordingly, we construe the judgment as modifying the prior joint-physical-custody arrangement.