MOORE, Judge,
concurring in part and concurring in the result in part.
I believe that the Walker Juvenile Court (“the juvenile court”) properly treated this matter as a dependency ease. According to our supreme court, a child is dependent if he or she is not “receiving adequate care and supervision from those persons legally obligated to care for and/or to supervise the child.” Ex parte L.E.O., 61 So.3d 1042, 1047 (Ala.2010) (some emphasis added). R.A.P. (“the great-uncle”) and R.J.P. (“the great-aunt”) alleged and, in my reading of the juvenile court’s judgment, clearly convinced the juvenile court that K.F.P. (“the paternal grandmother”), the legal custodian of M.D.P. (“the child”), had not been providing care for the child between June 2010 and April 2011, when the dependency petition was filed. Those facts indicate that the child was dependent, as the juvenile court adjudicated.
When a child is found to be dependent, the juvenile court may dispose of the custody of the child according to its determination of the best interests of the child. Ala.Code 1975, § 12-15-314(a)(4). The juvenile court required the great-aunt and the great-uncle to meet the standard for custody modification established in Ex parte McLendon, 455 So.2d 863 (Ala.1984); however, that error did not harm the paternal grandmother because the McLen-don standard is actually more stringent and incorporates the best-interests standard. See Rehfeld v. Roth, 885 So.2d 791 (Ala.Civ.App.2004). The evidence fully supports the juvenile court’s custody determination that the best interests of the child would be served by the parties’ sharing joint legal custody of the child, with primary physical custody being exercised by the great-aunt and the great-uncle. Therefore, I concur that the custody aspect of the judgment should be affirmed. Additionally, I concur to reverse the judgment insofar as it fails to award the paternal grandmother visitation.