THOMAS, Judge,
dissenting.
I respectfully dissent. The July 2010 custody-modification judgment awarded Ryan Nichole Whitehead (“the mother”) and Brandon Heath Whitehead (“the father”) “joint custody” of the child. The Alabama joint-custody statutes, codified at Ala.Code 1975, § 30-3-150 et seq., define joint custody as “[j]oint legal custody and joint physical custody.” Ala.Code 1975, § 30-3-151(1). Thus, contrary to the main opinion’s conclusion, the failure of the Calhoun Circuit Court to use the term “joint physical custody” in the July 2010 custody-modification judgment does not serve to make that judgment significantly distinguishable from the judgments sought to be modified in New v. McCullar, 955 So.2d 431 (Ala.Civ.App.2006), and E.F.B. v. L.S.T., 157 So.3d 917 (Ala.Civ.App.2014). Furthermore, the July 2010 judgment awarded the parents joint custody in one paragraph of the judgment and set out what it called “placement” in a separate paragraph. Although the July 2010 judgment awarded the father “primary placement” and the mother “secondary placement,” that judgment did not, as did the judgments sought to be modified in Richardson v. Fotheringham, 950 So.2d 339, 341 (Ala.Civ.App.2006), and Smith v. Smith, 887 So.2d 257, 261-62 (Ala.Civ.App.2003), award “primary physical custody” of the child to either parent. I cannot equate the term “primary placement” with the much more descriptive term “primary physical custody.” I construe the use of the terms “primary placement” and “secondary placement” as a method of delineating which parent would exercise custody at certain times.
Because the July 2010 judgment, like the judgments in New and E.F.B., awarded the mother and the father joint custody, I find this case indistinguishable from New and E.F.B. My conclusion is bolstered by the fact that, in the present case, the mother’s “secondary placement” provides her with a comparable number of custodial days as was awarded the “secondary” parent in both New and E.F.B. Therefore, I conclude that the trial court improperly applied the more stringent custody-modification standard set out in Ex parte McLendon, 455 So.2d 863 (Ala.1984), to the mother’s custody-modification petition. See Watters v. Watters, 918 So.2d 913, 916 (Ala.Civ.App.2005) (indicating that a parent seeking modification of a joint-custody arrangement is not required to meet the standard set out in Ex parte McLendon). Accordingly, I would reverse the judgment of the trial court, remand the cause, and instruct the trial court to reconsider the evidence presented under the best-interest *377 standard to decide the mother’s custody-modification petition.
I further note that this case illustrates the continued confusion created by the refusal of the bench and bar to use the custody terminology chosen by our legislature. The joint-custody statutes became effective on January 1, 1997, more than 19 years ago. For 19 years, a significant number of the members of the bench and bar have continued to use the old, outdated terminology when drafting custody judgments and custody agreements. The terminology in the joint-custody statutes is no longer new and it should not be unfamiliar to any attorney in this state. The only proper terms to describe custody in Alabama are those set out in the joint-custody statutes: joint custody, joint legal custody, joint physical custody, sole legal custody, and sole physical custody. See § 30-3-151 (defining the various forms of custody). Continued use of terms like “primary physical custody” serve to make unclear custody judgments and agreements and to confuse the parties regarding their custodial arrangements, which, in turn, leads to confusion among the trial courts and the appellate courts regarding the appropriate standard applicable to later custody-modification actions. Much difficulty and litigation could be avoided by the use of the proper terminology at the outset.